TILLER *v.* ELFENBEIN

[No. 133, October Term, 1953.]

16

*Decided June 23, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Emanuel H. Horn,* with whom were *Dickerson, Nice and Sokol,* on the brief, for appellant.

*Grafton D. Rogers,* with whom was *William C. Holland,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

On September 29, 1953, a jury in the Superior Court of Baltimore City rendered a verdict in favor of the plaintiff, appellant here, in the amount of $3,250, representing damages for personal injuries sustained when the plaintiff was struck by an automobile driven by the defendant. On the same day judgment on the verdict

*nisi* was entered. On October 1, 1953, the defendant filed a motion for a new trial on several grounds, the first of which was newly discovered evidence. This motion came on for hearing and on October 23, 1953, was overruled, and the judgment on the verdict made absolute. On October 29, 1953, the defendant filed an appeal to this court.

Some three weeks later, on November 18, 1953, the defendant filed a motion for reargument of his motion for a new trial, alleging that newly discovered evidence presented at the hearing of the motion was in direct conflict with testimony given at the trial, and that a comparison showed that the verdict was excessive. The plaintiff moved that the motion for reargument be not received on the ground that the trial court had no jurisdiction to reopen the matter after passing on the original motion and the entry of an appeal. On December 16, 1953, the defendant dismissed his appeal to this court. On December 18, 1953, the trial court overruled the plaintiff's motion *ne recipiatur*, granted the motion for reargument, and granted a new trial as to damages only. On December 21, 1953, the defendant filed a written motion to vacate the judgment, supplementing an oral motion to that effect which had been made at the hearing on December 18. On the same day the court granted the motion without further hearing. Appeal to this court was filed by the plaintiff on December 23, 1953, from the action of the court in vacating the judgment and granting a partial new trial.

The appellant contends that the trial court had no jurisdiction to vacate the judgment, on the ground assigned, after the entry of the appeal and the enrollment of the judgment by the lapse of thirty days from the date of its entry. The appellee contends that the revisory power of the trial court over the judgment continued to the date of the hearing of the motion for reargument, at which time the appeal had been dismissed.

The motion for a new trial was filed in time under Rule 502 of the Supreme Bench of Baltimore City, and

18

was heard and determined within thirty days, as required by Section 224 of the Charter and Public Local Laws of Baltimore City (Flack's 1949 ed.). The motion for reargument was filed within thirty days from the entry of the judgment. This motion did not in terms ask a vacation of the judgment, but that was its purpose and legal effect. In *Gross v. Wood,* 117 Md. 362, 366, it was said: "Undoubtedly the proper practice in such cases is to file a motion to strike out the judgment and for a new trial, and that was what was done in the case of *Preston v. McCann,* 77 Md. 30. But we think it equally clear that the effect of granting a new trial is to vacate the judgment and to set aside the verdict." However, since the motion for new trial in the instant case was disposed of at the time the judgment was entered, the trial court's power to reconsider its action, which would normally only be exercised on grounds not previously dealt with on the motion for new trial, must rest in the general power to revise judgments within the term, or the period otherwise fixed by law or rule of court. It may be noted that the grounds of the motion did not bring it within the court's power to strike an enrolled judgment for fraud, surprise, mistake or irregularity. Cf. *Harvey v. Slacum,* 181 Md. 206.

Rule 1, VI, Part Two, of the Rules of Practice and Procedure provides: "For a period of thirty (30) days after the entry of any judgment, order or decree, final in its nature, or thereafter pursuant to motion filed within such period, the court shall have the same revisory power and control over such judgment, order or decree as it had during the term at which it was entered under the practice heretofore existing. * * *" Both before and after the adoption of this rule, we have held that the court's action on a timely motion to strike, before a judgment is enrolled, is discretionary and not appealable. *Corbin v. Jones,* 199 Md. 527; *Silverberg v. Dearholt,* 180 Md. 38. Moreover, it has been held that the trial court, within the term, may reconsider its action on a motion to strike. *McLaughlin v. Ogle,* 53 Md. 610, 611.

The fact that the final ruling on the motion for reargument was made more than thirty days after it was filed, would not be fatal under Section 224 of the Public Local Laws, *supra.* In *Snyder v. Cearfoss,* 186 Md. 360, 370, we held that the court did not lose its jurisdiction to rule on a motion for a new trial, seasonably made, despite a constitutional provision limiting the time within which decisions should be rendered.

If the trial court still had control over its judgment, upon the filing of a motion to strike within thirty days from its entry, its action in granting the motion would not be reviewable. As pointed out in *Snyder v. Cearfoss, supra,* the effect of the granting of a new trial is to set aside the verdict and leave the cause in the same condition as if no judgment had been entered. Under Rule 10, III, Part Three, of the Rules of Practice and Procedure, the trial court is authorized to grant a partial new trial as to a severable part of the matters in controversy and "stay the entry of final judgment until after the new trial." But the appellant contends that the trial court lost control and the jurisdiction to entertain the motion upon the entry of the appeal from the judgment prior to the filing of the motion.

It is well established that the filing of a motion to strike, or for a rehearing, does not stay the time for appeal. *Maryland Lumber Co. v. Legum,* 197 Md. 483. Cf. *Hancock v. Stull,* 199 Md. 434, where it was noted that, in equity, the lower court has power to suspend the operation of a decree by special order passed before it becomes enrolled. Ordinarily, the trial court's jurisdiction is ended upon the filing of an appeal. *Heath v. State,* 198 Md. 455, 460; *Dietrich v. Anderson,* 185 Md. 103, 111. But it would appear from the cases touching the point that an appellant is not put to an immediate election as between the motion and the appeal.

In *Avirett v. State,* 76 Md. 510, 539, a motion to strike was filed within the term and an appeal then entered. It was held that a hearing of the motion did not operate as a waiver of the appeal, even though the motion may

have been prematurely heard, for it was said that "the mere ordering of an appeal did not deprive the lower court of jurisdiction to hear the motion." In commenting on this case in *United Rys. Co. v. Corbin,* 109 Md. 52, 59, it was said: "We do not want to be understood as intimating that merely entering an appeal from a judgment would prevent a motion to strike it out from being heard." In the *United Railways* case, it was held that the trial court properly postponed the hearing of a motion to strike a judgment, on the grounds of surprise, deceit and fraud, while an appeal from the judgment was undisposed of. The motion was filed after it had become enrolled, and could have been filed on those grounds even after the appeal was disposed of, but the court did not hold that the motion was prematurely filed. It said (p. 56): "If the appellant desired such motion to be acted on by the lower court, it had the undoubted right to dismiss its appeal and thereby enable that court to act on the motion. * * * If the appeal from the judgment should for any cause be dismissed, the appellant may get the benefit of the motion pending."

In *Dietrich v. Anderson, supra,* it was held that a petition to review a decree was properly dismissed, on the ground that an appeal from the decree was then pending, the court pointing out that a bill for review would lie, even after an affirmance of the decree on appeal. But neither in that case, nor in the cases relied on, *Eastern States Corp. v. Eisler,* 181 Md. 526, and *Collier v. Collier,* 182 Md. 82, had the appeal been dismissed when the motion came on for hearing before the trial court. In *Giles v. DiRobbio,* 186 Md. 258, 261, it was held that the trial court properly dismissed a petition to strike a judgment on the ground of newly discovered evidence, after an appeal from the judgment had been entered. It was said that "the lower court could not consider the petition, after an appeal was taken to this court." The appeal was still pending when the motion was heard. In *Corey v. Carback,* 201 Md. 389, it was held that the Court of Appeals was without jurisdiction

to grant a motion to strike the judgment appealed from, but it was noted that in the *United Railways* case the Court "suggested that a way out of the dilemma, where the appellant wished to have the lower court in that case strike out the judgment" would be to dismiss the appeal.

We think that the principle announced in the *Avirett* and *United Railways* cases, that the mere filing of an appeal from the judgment does not strip the trial court of its revisory power in a proper case, is not shaken by the later cases. Although some of these cases were in equity, the problem is the same as in cases at law. But the later cases do establish the rule that if the appeal is still pending when the motion to strike the judgment comes on for hearing, the trial court lacks jurisdiction to entertain the motion, regardless of whether the motion is of the type that may be renewed or not.

We think it is a sound policy that allows the trial court, despite an appeal, to retain its control over the judgment for thirty days after its entry, and for such reasonable time thereafter as may serve the court's convenience in disposing of a motion seasonably made, as contemplated by the Rules. On the other hand the exercise of the court's power to act on the motion should not be stayed by the entry of an appeal, so as to work a postponement of the hearing of the motion, any more than the filing of the motion should postpone the time for, or hearing of, the appeal, for this would be capable of abuse, as suggested. We hold that, unless the appeal is dismissed when the motion comes on for hearing, the appellant must elect between his motion and his appeal. If the appeal is dismissed before the hearing, as in the instant case, the motion stands for hearing as though no appeal has been entered.

We must assume that the trial judge, in granting a partial new trial, acted within the limits of his discretion, whether on the basis of new evidence or a reconsideration of the evidence produced at the trial. In any event, neither his action in vacating the judgment or in grant-

22

ing a new trial is reviewable here. Since we hold that the trial court retained jurisdiction, the appeal must be dismissed.

*Appeal dismissed, with costs.*