EAST COAST FREIGHT LINES, INC. ET AL.
*v.* RAY L. HARRIS

[No. 1057, September Term, 1976.]

*Decided September 13, 1977.*

Appeal from the Circuit Court for Baltimore County (PROCTOR, J.).

The cause was argued before MOYLAN, DAVIDSON and MOORE, JJ.

*J. Edward Martin, Jr.,* for appellants.

*M. Stanley Radcliffe,* with whom was *Dennis J. Psoras* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

This appeal in a workmen's compensation case involves a procedural question rather than the merits of the employee-appellee's claim.

At issue is whether or not the Workmen's Compensation Commission, after a hearing, properly vacated an automatic Award of Compensation for temporary total disability, *i.e.,* an award made without a hearing after the filing of the employee's claim, where the insurer did not present "Issues" until three days after the award and some ten days after the "Consideration Date" designated by the Commission.[1]

The Circuit Court for Baltimore County (MacDaniel, J.) had this question before it during a jury trial upon an appeal by the employee from an Order of the Commission vacating the Award of Compensation. After two days of trial, during which the testimony was substantially concerned with whether or not the appellant was the employer, the court

---

1. The circumstances surrounding the delay are hereafter stated. "Issues," it may be noted, are filed on a form prescribed by the Commission and constitute a request for hearing and notification that the claim is contested.

declared a mistrial. Subsequently, the court adopted an Order rescinding the Order appealed from and affirmed the Commission's original Order. It also "reinstated" the Commission's finding in the Award of Compensation that the claimant was an employee of the appellant on the date of the accidental injury.

The court's Order was unaccompanied by an opinion or memorandum setting forth its reasons. It is clear from the record, however, that its action was based upon the provisions of the Annotated Code of Maryland, Art. 101, § 56 (e) (1957, 1964 Repl. Vol.) entitled "Motion for rehearing of decision of Commission," which provides that a motion for a rehearing may be filed within a prescribed time and "only upon grounds of error of law, or newly discovered evidence." In our judgment § 56 (e) was not applicable and, for the reasons set forth, we reverse.

## I

The appellee, Ray L. Harris, a truck driver earning $800 per week, was injured in an accident on October 23, 1974, and the significant sequence of events thereafter is reflected by the following chronology:

(a) *November 14, 1974*

Mr. Harris filed an employee's claim on a form provided by the Workmen's Compensation Commission. At the bottom of the form in a "box" reserved for Commission use only, the following appeared:

"Consideration Date: Unless a request for hearing is received by the Commission on or before December 2, 1974 an Order will be passed upon the evidence in the hands of the Commission. Any request for hearing shall be filed with the Commission in accordance with Rule No. 9B of the Rules of Procedure."

(b) *November 22, 1974*

The Commission addressed a form entitled "Notice to Employer" to East Coast Freight Lines

stating that: (1) Commission records disclosed that it did not carry workmen's compensation insurance;[2] (2) if this information was incorrect, East Coast should immediately contact its insurer who must file "the proper records" on or before the consideration date listed on the claim form; (3) if Commission records were correct and the employer was uninsured but desired to contest the claim, it was required to notify the Commission in writing on or before the consideration date; and (4) if appellant did nothing, *"An award will be passed based upon the information supplied on the attached claim form,"* and East Coast, as an uninsured employer, would be assessed a penalty in accordance with Art. 101, § 91.

(c) *November 26, 1974*

East Coast Freight Lines replied by certified mail to the November 22, 1974 notice, advising that it *was* insured and that the insurer was the Midland Insurance Company of New York. It also stated that the company's files contained no report of personal injury submitted by the appellee and that the insurer had been requested to contact the Commission to take appropriate action. The letter concluded: "We shall await your further advice."

(d) *December 9, 1974*

The Workmen's Compensation Commission by Daniel T. Doherty, Chairman, rendered an Award of Compensation on an official form of the Commission, finding temporary total disability and ordering that East Coast Freight Lines pay $102.30 per week during the continuance of the temporary total disability of the claimant, beginning October 27, 1974, subject to further determination by the Commission as to whether the claimant sustained any permanent disability. In addition, as a

---

2. As indicated *infra*, this statement was erroneous.

non-insured, East Coast was assessed $150 plus an additional assessment of 15% of the Award and of any subsequent awards that might be made, not to exceed the sum of $1500.

The Order was said to be "based on the evidence in the record but [the Commission] will reserve the right of both parties to have the issue of average weekly wage adjudicated at the time a hearing is held."

(e) *December 12, 1974*

"Issues" were filed on the form prescribed by the Commission, executed by an official of Midland Insurance Company, Towson, Maryland, with copies to the claimant and to East Coast Freight Lines, Inc., a subsidiary of Smith and Solomon, Inc., New Brunswick, New Jersey. Seven separate issues were designated on the printed form, the first of which was whether the claimant was an employee of appellant on October 23, 1974, "or was he an employee of Edwin McDonald Jenkins?" The seventh item designated was, "Such other and further issues as may be raised at the time of hearing."

(f) *December 13, 1974*

The Commission issued a form entitled "Notification of Correction," listing the name of the insurance carrier and reciting, opposite the words "Consideration Date," the following: "HEARING REQUESTED BY INSURER." Under the caption, "Remarks," the form stated: "Certification of Insurance not received until December 13, 1974."

(g) *February 25, 27, 1975*

Workmen's Compensation Commission hearings were held at Baltimore before G. Howlett Cobourn, Commissioner, on the following issues: (1) Claimant's motion based upon § 56 (e) of Art. 101; [3]

---

**3.** This motion appears to have been made orally on behalf of the employee at the outset of the hearings before the Commission.

(2) Was the claimant an employee of East Coast Freight Lines, Inc. or of Edwin McDonald Jenkins on October 23, 1974?; (3) Was East Coast Freight Lines, Inc. the employer and was Midland Insurance Company the insurer of claimant on October 23, 1974?

(h) *April 16, 1975*

The above issues were decided against the claimant and an Order was signed by Commissioner Cobourn, in which the Commission's Order of December 9, 1974 was "rescinded and annulled" and the claim for compensation was disallowed. The reasons for the Commission's disposition of the employee's contention under Art. 101, § 56 (e) were not stated.

Mr. Harris thereafter filed an appeal to the Circuit Court of Baltimore County pursuant to Art. 101, § 56 (a) and prayed a jury trial. In his Petition he contended that the Commission erred in its evidentiary findings and in its interpretation of § 56 (e) of Art. 101. The trial commenced on June 16, 1976 and, as previously indicated, on June 17 a mistrial was declared. Thereafter, on July 9, 1976, the lower court signed an Order providing, *inter alia:*

"[T]hat the decision of the Workmen's Compensation Commission dated April 16, 1975 is hereby rescinded and annulled and further that the Order of the Workmen's Compensation Commission dated December 9, 1974 is hereby affirmed and reinstated finding that the claimant was an employee of the employer on October 23, 1974 at the time of the accidental injury." [4]

On July 12, 1976, a motion was filed by the employer and insurer "for reconsideration of the claimant's motion under § 56 (e) of Art. 101." By Order of the Circuit Court (Proctor, J.) the latter motion was denied on September 3, 1976.

---

4. No specific reference is made to the penalty provisions of the Order of December 9, 1974 and it would appear that those provisions were also affirmed.

## II

In our consideration of this appeal, two fundamental questions emerge. First, is this really a case for the application of § 56 (e) of Art. 101? Second, if not, what authority supports the action of the Commission in entertaining "Issues" filed after the adoption of an Award of Compensation on December 9, 1974 and vacating that Award?

The claimant has insisted throughout that when the insurer filed "Issues" on December 12, 1974, it was in actuality requesting a rehearing of the Commission's decision dated December 9, 1974, and that its motion was not supported by Art. 101, § 56 (e). That section provides in pertinent part:

> "A Motion for a rehearing may be filed within seven days from the date of the decision of the Commission, *only upon grounds of error of law, or newly discovered evidence.*" (Emphasis added.) Art. 101, § 56 (e).

That the claimant-appellee interprets the filing of "Issues" as a motion for a rehearing, obviously does not make it so. Indeed, in our view of what occurred, no such rehearing was involved and the provisions of § 56 (e) with respect to "error[s] of law or newly discovered evidence" are totally inapplicable. What was perhaps involved, as Commissioner Cobourn suggested to counsel for the claimant at the opening of the Commission hearings, was whether the insurance company's "Issues" were timely filed since they came after the original consideration date of December 2, 1974; and the proceedings were patently not in the nature of a "rehearing" because no hearing had been held in the first place. The Commission had acted *ex parte* on the basis of the employee's claim when it made a temporary award on December 9, 1974.

Why the Commission proceeded as it did in this case is not disclosed in the hearings before the Commission nor in its final Order. We think it fair to suggest, however, that because of the confusion that existed with respect to

whether or not the appellant was insured, the Commission inadvertently entered its Award of December 9, 1974, which not only allowed compensation for temporary total disability but also erroneously penalized the employer as a non-insured; and that, upon the filing of "Issues" by Midland Insurance Company some ten days after the original Consideration Date, they were accepted and set for hearing because the interests of justice and proper administrative procedure required such action.[5]

The question then arises: Did the Commission have such authority? In our judgment, the answer is clearly affirmative.

As the Court of Appeals had occasion to observe in the case of *Plater v. Kane Warehouse Co.*, 241 Md. 462, 466, 217 A. 2d 102 (1966), the General Assembly of Maryland has declared that, "The powers and jurisdiction of the Commission over each case shall be *continuing*, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto *as in its opinion may be justified. . . .*" (Emphasis added.) Art. 101, § 40 (c). In addition, the Legislature has conferred upon the Commission the power to "adopt reasonable and proper rules to govern its procedure. . . ." Art. 101, § 10. Pursuant to the latter authorization, the Commission has adopted Rule 11 of its Rules of Procedure relating to "Requisites to Application for Review." That rule reads in its entirety as follows:

"Rule No. 11. The Commission will not grant reviews of awards upon application of a party or parties except such application be made upon the grounds of a change in conditions, as provided in Section 40 of this Article and be accompanied with statement of facts alleged to constitute such change

---

5. The Commission did not formally suspend its Award of December 9, 1974 prior to the hearing. Such action would, of course, have been appropriate.

of conditions, *but upon its own motion it will exercise its continuing jurisdiction over each case, and for reasons deemed by it to be sufficient will, from time to time, make such modification or change with respect to its former findings or orders relating to any such case as in its opinion may be just,* including the making of awards in cases where they may have been denied, but no award will be changed or modified upon ex parte information unless said information is against the interest of the party giving same." (Emphasis added.)

We need not decide whether the Commission's action, in the instant case, was a modification or change within the meaning of Art. 101, § 40 (c). *See Plater v. Kane Warehouse Co., supra,* 241 Md. at 466-67; *Kelly-Springfield Co. v. Roland,* 197 Md. 354, 79 A. 2d 153 (1951). What we do decide is that when, as here, the Commission without a hearing renders an award of temporary total disability, it has continuing jurisdiction under § 40 (c) and Rule 11, and may, under the Rule, for good cause, set the case down for a plenary hearing upon "Issues" timely filed.[6] As Judge McWilliams stated in *Plater v. Kane Warehouse Co., supra,* where the claimant was permitted to withdraw an automatic award of temporary total disability preliminary to refiling in another jurisdiction, and his authority to do so was challenged by the employer and insurer, "[W]e know of no Maryland statute or decision or rule of this Court, which negates the power and authority of the Commission to allow, in appropriate circumstances, the withdrawal of claims and the vacation of awards." 241 Md. at 467.

Even in the absence of a specific rule, we think the Commission would have authority to reserve continuing jurisdiction where, as here, the award which was made was inadvertent, was not one upon which a hearing had been

---

6. Under the circumstances of this case, we do not consider Midland's "Issues" to have been at all untimely.

held, was temporary only and could not be deemed to constitute a final award. *See Porter v. Bethlehem-Fairfield Shipyard, Inc.*, 188 Md. 668, 53 A. 2d 668 (1947); 3 A. Larson, *The Law of Workmen's Compensation* § 81.53 (1976).

*Order reversed; case remanded for trial; costs to be paid by appellee.*