502 A.2d 528

**Mary Susan SIECK**

v.

**John T. SIECK.**

**No. 399, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 10, 1986.

John H. Doud, III (Fedder and Garten, P.A. on brief), Baltimore, for appellant.

William P. Englehart, Jr. (Nolan, Plumhoff & Williams, Chartered on brief), Towson, for appellee.

Argued Before BISHOP and BELL (ROBERT M.), JJ., and GETTY (JAMES S.), Associate Judge of the Court of Special Appeals (retired), specially assigned.

BISHOP, Judge.

Appellant Mary Susan Sieck appeals from the trial court's granting of summary judgment in favor of appellee John T. Sieck. Because the trial court failed to resolve appellant's timely post-judgment motions, no final judgment exists and the appeal must be dismissed.

## FACTS

Appellant filed an action in the Circuit Court for Baltimore County based on several tort theories against appellee, her ex-husband, seeking damages for physical and emotional injuries. The trial court granted appellee's Motion for Summary Judgment on November 5, 1984.

Appellant filed a "Motion to Revise Judgment" on November 8, 1984, which stated that it was pursuant to Md. Rule 2–535. On November 30, 1984, appellant filed an "Amended Motion to Revise Judgment, to Alter or Amend Judgment and/or for New Trial" relying on Rules 2–533, 534, and 535 for authority. On December 5, 1984, appellant noted an appeal from the judgment of November 5.

On December 13, 1984, the trial court issued a ruling on the post-judgment motions filed by appellant which stated:

All Motions except Motion made under Maryland Rule 2–535 were untimely filed and cannot be considered by the Court[. A]s to Maryland Rule 2–535, an appeal has been filed depriving the Court of Jurisdiction; absent an election to dismiss the appeal the Court cannot consider the 2–535 Motion; all motions, except 2–535 Motion are post-trial Motions also, and there was not a trial but a hearing on a Motion.

On January 14, 1985, appellant filed a second order of appeal from the November 5 entry of summary judgment

and also from the December 13 ruling on the post-judgment motions.

## DISCUSSION

■ The Maryland Rules permit four post-judgment motions, three of which must be filed within ten days of the entry of judgment: a Rule 2–532 motion for judgment notwithstanding the verdict; a Rule 2–533 motion for new trial; and a Rule 2–534 motion to alter or amend a judgment in an action tried by the court. The fourth, under Rule 2–535(a) revisory power, must be filed within thirty days of the entry of judgment. The rules applicable to this case are 2–534 and 2–535(a) which provide:

Rule 2–534. MOTION TO ALTER OR AMEND A JUDGMENT—COURT TRIAL

In an action tried by the court,[1] on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial.

Rule 2–535. REVISORY POWER

(a) Generally.—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534.

---

1. We interpret "tried by the court" to include a disposition of the case by summary judgment. Action is defined as in Rule 1–202(a) as meaning "collectively all the steps by which a party seeks to enforce any right in a court." Where the steps terminate in a summary disposition, the "action" has been "tried," i.e., resolved, by the court. The Rules Committee has suggested an amendment to Rule 2–534 to make clear that the rule is intended to apply even where the decision was rendered without trial on the merits. *See* Maryland Register, Vol. 12, Issue 21 at 2017, 2019 (October 10, 1985).

. . . .

Crucial to the analysis of this case is the effect of the various post-trial motions on the noting of an appeal. Rule 1012d states:

> In a civil action when a timely motion is filed (1) for judgment notwithstanding the verdict pursuant to Rule 2–532, (2) for new trial pursuant to Rule 2–533, or (3) to alter or amend a judgment pursuant to Rule 2–534, the order for appeal shall be filed within thirty days from the date of entry of an order denying, overruling, or dismissing a motion for new trial or disposing of a motion for judgment notwithstanding the verdict or a motion to alter or amend a judgment. An order for appeal filed before the timely filing or the disposition of any of these motions shall have no effect, and a new order for appeal must be filed within the time provided.

A Rule 2–535 motion is not mentioned in Rule 1012d. Apparently, the trial judge interpreted this absence to mean that a 2–535 motion, even if filed within ten days of judgment, would have no effect on the filing of an appeal.

The Court of Appeals has recently held that any of these post-judgment motions filed within ten days of the entry of judgment stays the time for appeal under 1012d and prevents the noting of an appeal until the motion is resolved. In *Unnamed Attorney v. Attorney Griev. Comm'n.*, 303 Md. 473, 494 A.2d 940 (1985) [2] the court stated:

> When a motion to alter or amend an otherwise final judgment is filed within ten days after the judgment's entry, the judgment loses its finality for purposes of appeal. Under these circumstances, an order of appeal such as filed by the appellant in the instant case becomes ineffective, and a new order of appeal must be filed after the circuit court disposes of the motion.

---

**2.** The motion filed in *Unnamed Attorney* was nonspecific as to which rule it was based upon, but contained grounds consistent with either a Rule 2–534 or a Rule 2–535 motion.

A motion filed more than ten days after a judgment but within thirty days of the judgment, under Rule 2–535(a), would still have no effect upon the running of the thirty-day appeal period. When such a motion is filed, and while it is pending an appeal is filed, appellate jurisdiction attaches and the circuit court cannot decide the motion. *See* P. Neimeyer and L. Richards, *Maryland Rules Commentary* 321–325 (1984). *But where a motion is filed within ten days, an appeal will not ordinarily lie until the trial judge rules on the motion.*

303 Md. at 486, 494 A.2d at 946–47 (emphasis added).

Analysis of the source of Rules 2–534 and 2–535 explains the Court of Appeals' conclusion in *Unnamed Attorney* that a post-judgment motion filed within ten days of the entry of judgment stays the time for appeal under Rule 1012d. Rule 2–534 was derived from Federal Rules of Civil Procedure 52(b)[3] and 59(a).[4] *See* P. Niemeyer & L. Richards, *Maryland Rules Commentary* at 322 (1984);

---

**3.** Fed.Rule Civ.Proc. 52(b) provides:

Findings by the Court

....

(b) Amendment.

Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment.

**4.** Fed.Rule Civ.Proc. 59(a) provides:

New Trials; Amendment of Judgment

(a) Grounds.

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts in the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an

*Commentary on the New Maryland Rules,* 43 Md.L.Rev. 669, 811 (1984). Rules 2–535(a), (b) and (c) originated in former Maryland Rule 625 [5] and Rule 2–535(d) was derived from Federal Rule 60(a) and former Md. Equity Rule 681.[6] *See* Niemeyer & Richards at 323; 43 Md.L.Rev. at 813. In combining the federal practice of "ten day" revisory motions with the Maryland practice under former Rule 625(a) of "thirty day" revisory motions, an overlap was created; Rules 2–534 and 2–535 provide the same relief and, when filed within ten days of the entry of judgment will be treated as identical when applying Rule 1012d. A Rule 2–535 motion filed beyond ten days after the entry of

---

action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings and conclusions, and direct the entry of a new judgment.

**5.** Former Maryland Rule 625 provided:

Revisory Power of Court Over Judgments

(a) *Generally.*

For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity.

b. *Newly Discovered Evidence.*

The court may, pursuant to a motion filed within the times set forth in section a of this Rule, grant a new trial or other appropriate relief on the ground of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under section a of Rule 567 (New Trial).

**6.** Fed.Rule Civ.Proc. 60(a) provides:

Relief From Judgment or Order

(a) Clerical Mistakes. Clerical mistakes in judgments, order or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During a pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Former Md.Rule 681 provided:

Clerical mistakes in a decree or decretal order, or errors arising from any accidental slip or omission, may at any time be corrected by order of court upon petition, without a rehearing.

judgment follows former practice under former Rule 625(a) and does not stay the time for appeal or prevent the valid noting of an appeal. *See Unnamed Attorney v. Griev. Comm'n.,* 303 Md. at 484–86, 494 A.2d at 945–47.

In the case *sub judice,* appellant's original Motion to Revise Judgment under Rule 2–535 was filed within ten days of the entry of judgment. Following the Court of Appeal's language in *Unnamed Attorney* and the analysis above, the motion will be treated as a 2–534 motion to alter or amend in applying Rule 1012d. The effective period for noting an appeal was therefore thirty days from the Circuit Court's resolution of the motion. Rule 1012d. We shall treat the Circuit Court's December 13, 1984 refusal to consider the motion as a disposition of the motion for purposes of applying Rule 1012d. Since the thirtieth day of this period fell on Saturday, January 12, 1985, the filing of the notice of appeal on Monday, January 14, 1985 was timely. Rule 1–203. The appeal of the judgment of November 5, 1984 and the December 13, 1984 motion ruling is therefore before this Court. We hold that the trial court erred in its disposition of appellant's post-judgment motion filed on November 8, 1984. As the above discussion indicates, the November 8, 1984 motion, labeled by appellant as a Rule 2–535 motion, was filed within ten days of the entry of judgment and should be treated as a Rule 2–534 motion. The motion, therefore, pursuant to Rule 1012d, prevented the December 5, 1984 notice of appeal from becoming effective. The trial court therefore erred in concluding that the motion could not be considered.[7]

## CONCLUSION

To summarize the basis of this decision, a motion to revise the judgment, however labeled, filed within ten days

---

7. In light of our remand to the trial court to consider the November 8, 1984 Motion to Revise Judgment on its merits, we do not reach either the issue of the Circuit Court's propriety in granting summary judgment, or do we reach the trial court's ruling on the Motion to Revise Judgment filed on November 30, 1984.

after the entry of judgment will be treated as a Rule 2–534 motion in applying Rule 1012d. It will, therefore, stay the time for filing an appeal until the court rules on the motion, and will render nugatory any order for appeal filed before that ruling. A motion to revise filed beyond ten days after judgment does not affect the time for noting an appeal or the validity of a timely appeal noted while the motion is pending.

ORDER OF NOVEMBER 8, 1984 VACATED; CASE REMANDED FOR PROCEEDINGS IN ACCORDANCE WITH THIS OPINION; COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.