554 A.2d 1226

**Michael L. STINNETT**

v.

**CORT FURNITURE RENTAL et al.**

**No. 84, Sept. Term., 1988.**

Court of Appeals of Maryland.

March 28, 1989.

Cynthia S. Miraglia (Robert A. Flack, Ashcraft & Gerel, all on brief), Landover, for petitioner.

Michael S. Levin (Suzanne E. Tidler, Dirska & Levin, all on brief), Columbia, for respondents.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ADKINS, Judge.

The question before us is whether the time for appeal from an order of the Workmen's Compensation Commission (Commission) runs from the date of the order or from the date of the denial of an unsuccessful motion for a rehearing of the order. We shall hold that Maryland Code (1985 Repl.Vol.), Art. 101, § 56(e) mandates the latter result.

## I.

The factual context in which the question arises is relatively undisputed. Petitioner Michael L. Stinnett (Stinnett) was employed by respondent Cort Furniture Rental (Cort Furniture). On 16 November 1981, while so employed, he injured his back. He filed a claim for workers' compensation.

Various proceedings before the Commission ensued. On 24 October 1986, the Commission resolved two claims then before it. It allowed Stinnett's claim for temporary total disability (claim 1) but concluded that a cervical spine condition, which had manifested itself after the 1981 injury (claim 2), had not been caused by that occurrence. Stinnett timely filed a motion for rehearing on the denial of claim 2, alleging newly discovered evidence. On 10 February 1987, a hearing on the motion was held. The Commission denied the motion on 19 March 1987, reaffirming its order of 24 October 1986. Stinnett appealed to the Circuit Court for Calvert County.

Of course, by the time Stinnett had noted his appeal, far more than 30 days had elapsed from 24 October 1986.[1] Cort Furniture moved to dismiss the appeal. The Circuit Court for Calvert County concluded that the evidence presented in support of Stinnett's motion for rehearing was not in fact newly discovered. Relying largely on *Ratcliffe v. Clarke's Red Barn*, 64 Md.App. 293, 494 A.2d 983 (1985), (of which more later), the circuit court held that it, therefore, had no jurisdiction. It dismissed the appeal. In an unreported decision also based mainly on *Ratcliffe*, the Court of Special Appeals affirmed. *Stinnett v. Cort Furniture Rental*, No. 1638, Sept. Term, 1987 (filed 26 July 1988). At Stinnett's behest, we issued a writ of certiorari. 313 Md. 689, 548 A.2d 129 (1988).

---

1. An order for appeal from an administrative agency's decision ordinarily must be "filed within thirty days from the date of the action appealed from...." Md. Rule B4.

## II.

Article 101, § 56(e) in pertinent part provides:

(i) A motion for a rehearing may be filed within 15 days from the date of the decision of the Commission, only upon grounds of error of law, or newly discovered evidence.... The motion shall be in writing and state the reasons therefor....

(ii) If a motion for rehearing is granted, the Commission shall promptly hold a hearing and issue any order it deems appropriate.

(iii) *If a motion for rehearing is filed, the time within which an appeal can be taken from the decision shall commence from the time of ruling by the Commission on the motion* or, if the motion is granted, from the time an order is issued pursuant to paragraph (ii) of this subsection.... [Emphasis supplied].

Additionally, the Commission's procedural rules require that if a motion for rehearing is "based upon newly discovered evidence, the party proposing to offer the evidence shall describe it in detail and attach copies of all documents, together with the reasons why the evidence was not known, or could not reasonably have been known at the time of the hearing." COMAR 14.09.01.10.C.

■ Cort Furniture points to this rule, with which, it alleges, Stinnett did not comply. It points to the fact that both the circuit court and the intermediate appellate court concluded that the evidence Stinnett presented at the hearing on his motion was not newly discovered, but simply a slightly warmed-over version of information previously presented to the Commission. Cort Furniture then enthusiastically embraces the reasoning employed by the Court of Special Appeals:

The Commission was ... correct in denying [Stinnett's] motion for a rehearing on the grounds that there was no new evidence in support of [his] case. Without new evidence, the motion for rehearing was improperly filed. Therefore, since [Stinnett] is precluded from a rehearing, the time for appeal was not stayed.

*Stinnett, supra,* slip op. at 3. This defect (the lack of newly discovered evidence) was apparently viewed as jurisdictional, by the Court of Special Appeals, for it went on to explain that in its decision in *Ratcliffe, supra,* it had held that a trial court

> would have no jurisdiction to hear [an appeal after the Commission had improperly reopened a case under Article 101, § 40(c)] because the statute did not provide that an award could be reopened under the guise of newly discovered evidence, merely to stay a claimant's right to appeal. *Ratcliffe,* 64 Md.App. at 301 [, 494 A.2d at 987]. In the case *sub judice,* we cannot, as we could not in *Ratcliffe,* allow a party to thus create appellate jurisdiction where the Legislature did not so intend.

*Id.* at 3–4.

This reasoning is tantamount to saying that a party's failure to produce enough support to succeed on a motion is a jurisdictional defect for purposes of § 56(e); it must be treated as though no motion had been filed at all. Because that is not the law, we must reverse the Court of Special Appeals.[2]

### III.

Both parties argue strenuously about whether the documents Stinnett produced in support of his motion for

---

**2.** Cort Furniture presents a make-weight argument to the effect that Stinnett's November 1986 motion for rehearing was a *second* motion for rehearing and thus unauthorized by Article 101, § 56(e). A Commission order of 24 March 1986 denied Stinnett's request for a Work Adjustment Program award, but did not resolve a previously reserved issue regarding temporary total disability. Cort Furniture's argument is based on the notion that Stinnett's request for a "rehearing" or a "further hearing," so that the reserved issue could be addressed, was a motion for rehearing with respect to that order. We do not believe the point is well taken, but we need not and do not address it. Cort Furniture did not raise the issue in the Court of Special Appeals nor did it raise the issue in its answer to Stinnett's petition for writ of certiorari. *See First Nat. Bank v. Fidelity & Deposit Co.,* 283 Md. 228, 230–231, 389 A.2d 359, 361 (1978). Moreover, the issue is not encompassed within our grant of certiorari. Rule 8–131(b)(1).

rehearing were, in fact, newly discovered evidence. We intimate no view whatsoever on this question, for it is completely irrelevant to the issue before us. Section 56(e)(iii) does not stay the time for appeal pending Commission action on a successful motion for rehearing, nor does it operate only when a motion for rehearing is supported by some facial or preliminary showing that there is newly discovered evidence. In paragraph (i) of subsection (e), the statute authorizes the filing of a motion for rehearing of a Commission decision on the ground of, among other things, newly discovered evidence. Paragraph (iii) unequivocally provides that "[i]f a motion for rehearing is filed, the time within which an appeal can be taken from the decision *shall* commence from the time of ruling by the Commission on the motion...." [Emphasis supplied]. Stinnett filed a motion for rehearing and asserted that it was based on new evidence. That is all the statute requires in order to stay the running of the time for filing an appeal. An examination of the history of the statute demonstrates that this conclusion is consistent with the apparent legislative purpose. *See Kaczorowski v. City of Baltimore,* 309 Md. 505, 515, 525 A.2d 628, 633 (1987).

What is now subsection (e) of § 56 was enacted as § 57(e) by Chapter 814, Acts of 1957. Except for the time within which the motion had to be filed (seven days then as opposed to 15 now), the 1957 language and the present language are virtually identical. That same identity exists between the statutory language and the verbiage proposed by the *Second Report of the Commission to Study the Maryland Workmen's Compensation Laws* (1957) (W. Albert Menchine, Chairman). The Commission recommended that

provisions be made for motions for rehearing upon grounds of error of law or newly discovered evidence. We believe that such a procedure would operate to reduce the number of appeals. We believe that the proposed

method of procedure as outlined in sub-section (e) contains adequate safeguards to all parties for the prevention of any abuses under the proposal.

That portion of subsection (e)(iii) postponing the commencement of the time for appeal from the underlying decision until the Commission's ruling on the motion for rehearing is completely consistent with the objective of reducing the number of appeals. This goal is advanced by making it clear that the movant need not be concerned with an appeal until after the disposition of the motion. Success on the motion, of course, would obviate the need for any appeal.

This prudent promotion of judicial economy stands in stark contrast to the situation that existed in the courts in 1957. At that time, Rule 625 of the Maryland Rules of Procedure provided:

> For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment.

In *Tiller v. Elfenbein,* 205 Md. 14, 106 A.2d 42 (1954), this Court considered the predecessor to that rule. The court likened the procedure to a motion for rehearing. *Tiller,* 205 Md. at 19, 106 A.2d at 44. The filing of an appeal while a motion under the rule was pending did not "strip the trial court of its revisory power in a proper case...." *Id.* at 21, 106 A.2d at 45. But "unless the appeal is dismissed when the motion comes on for hearing, the appellant must elect between his motion and his appeal." *Id.* The requirement of election between the motion and the appeal was clarified in *Eisenbeiss v. Jarrell,* 52 Md.App. 677, 683–685, 451 A.2d 940 (1982), *cert. denied,* 295 Md. 301, *cert. denied,* 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93, (1983), and cases there cited. This doctrine worked against the reduction of appeals, since the filing of a motion under the rule did not extend the time for an appeal. *See Radvan–Ziemnowicz v. Comm'n on Med. Disc.,* 302 Md. 298, 487 A.2d 650 (1985); *Hardy v. Metts,* 282 Md. 1, 5, 381 A.2d 683, 686 (1978);

*Eisenbeiss*, 52 Md.App. at 683, 451 A.2d at 943. Thus, the movant could not wait for the disposition of the motion; he or she had to note the appeal and often press it instead of the motion because of unwillingness to hazard loss of the right of appeal against the chance of winning on the motion.[3]

The appeal-postponing provisions of § 56(e)(iii) are similar to those of Maryland Rule 8–202(c). See note 3, *supra*. The policies underlying those provisions do not demand that the language be read to postpone the commencement of the time for appeal when only a successful motion for rehearing or reconsideration is filed. Quite the contrary—the goal of reducing the number of appeals is achieved only if any timely filed motion has the effect of postponing the time for appeal. To require the movant to gamble on the success of the motion is to place the movant in the position he or she was in at the time of *Tiller*, thereby frustrating the undergirding policy of § 56(e).

■ *Ratcliffe v. Clarke's Red Barn*, *supra*, so heavily relied upon by the trial court, the Court of Special Appeals, and Cort Furniture, simply is inapposite. In that case, when the Commission denied Ratcliffe's workers' compensation claim, he appealed to the circuit court. The court dismissed the appeal as untimely filed. Later, Ratcliffe asked the Commission to reopen the claim pursuant to Article 101, § 40(c).[4] The asserted basis for reopening was

---

3. Since *Tiller v. Elfenbein*, 205 Md. 14, 106 A.2d 42 (1954), and *Eisenbeiss v. Jarrell*, 52 Md.App. 677, 451 A.2d 940 (1982), *cert. denied*, 295 Md. 301, *cert. denied*, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983), our cases have clarified a trial court's power to act on various matters after an appeal has been noted. *See, e.g., State v. Peterson*, 315 Md. 73, 79–82, 553 A.2d 672, 675–77 (1989). More to the point, however, the Maryland Rules have been amended to produce a procedure like that under Article 101, § 56(e). If any one of certain post judgment motions is filed within 10 days of judgment, the time for appeal does not begin to run until the motion has been withdrawn, denied, or otherwise disposed of. *See* Md. Rule 8–202(c) and former Rule 1012(d).

4. Article 101, § 40(c) reads:

newly discovered evidence. The commission refused to reopen. Ratcliffe moved for a rehearing, citing the same newly discovered evidence. This action was treated by the Commission as a further petition to reopen under § 40(c). It granted the motion but denied Ratcliffe's claim, the sole purpose of this procedure concededly being to allow Ratcliffe to take the appeal he had failed to note timely from the original denial of the claim. The Court of Special Appeals affirmed the circuit court's dismissal of the appeal on the ground that the Commission had made an improper attempt to confer appellate jurisdiction. 64 Md.App. at 301–302, 494 A.2d at 987.

The jurisdictional problem addressed in *Ratcliffe* arose because of the clear misuse by the Commission of its statutory authority to reopen a case. Of course, § 40(c) confers no power on the Commission to reopen merely to permit a dilatory party to obtain anew the right to appeal. There is, however, no similar abuse of statutory authority by the Commission in the case before us. Stinnett timely filed a motion for rehearing and the Commission, acting within its authority pursuant to § 56(e)(i), held a hearing on that motion and denied it. That the motion may have been frivolous is, under these circumstances, of no consequence.[5] The filing of a baseless motion would give a reason for denying the motion and, perhaps, would produce other consequences. *See* note 7 *infra*. But an appellate court ordinarily responds only to error committed by a lower court or, as in *Ratcliffe*, by an administrative agency. *See DeLuca v. State*, 78 Md.App. 395, 397–99, 553 A.2d 730,

---

*Modifications or changes.*—The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within five years next following the last payment of compensation.

5. We repeat that we intimate no view on whether the motion was frivolous.

731–32 (1989). Actions by counsel that do not produce erroneous rulings below generally are unimportant so far as appellate review is concerned. In *Ratcliffe* the agency erred by twisting a statute to produce a result the statute could not have contemplated. Nothing like that happened here. The analysis applied in *Ratcliffe* is inapplicable.

We hold, therefore, that when a motion for rehearing is timely filed under § 56(e)(i), the provisions of § 56(e)(iii) become operational. It matters not that the motion is unaccompanied by the full documentation called for by COMAR 14.09.01.10.[6] It matters not that there was in fact no newly discovered evidence, if that was indeed the case here. A party before the Commission, like a litigant in a trial court, should be able to file a motion for rehearing (or another type of post judgment motion) without fearing that he or she will be denied an appeal if the motion fails. The importance of effectuating that policy outweighs the burdens imposed on the system, and on the opposing party, even if the motion is frivolous or filed in bad faith.[7]

---

**6.** The Commission rule on motions for rehearing, COMAR 14.09.01.10, which became effective as of 1 June 1958, reads in part:

C. If the motion is based upon newly discovered evidence, the party proposing to offer the evidence shall describe it in detail and attach copies of all documents, together with all the reasons why the evidence was not known, or could not reasonably have been known at the time of the hearing.

Stinnett appended to his motion certain documentary evidence he claimed to be newly discovered; however, he failed to include an explanation as to why this evidence was not known at the time of the original hearing. If there is concern that a motion for rehearing is infirm because it lacks a predicate element and that it was, perhaps, filed in a bad faith effort to stay the running of the time for filing an appeal, the opposing party always has an option to file an answer to the motion raising these objections. *See* COMAR 14.09.01.10.D. In this case, however, it does not appear Cort Furniture chose to exercise that option.

**7.** In a court proceeding, sanctions are available to discipline a party or an attorney who maintains or defends "any proceeding ... in bad faith or without substantial justification...." Rule 1–341. *See also* Rule 1–311(b) and (c). Despite the representations made by Cort Furniture's lawyer at oral argument, it appears that the Commission lacks similar express sanctioning power. But even at the Commission

Since Stinnett's appeal was timely, it should not have been dismissed. He is entitled to a hearing on that appeal in the circuit court.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTION TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR CALVERT COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENTS.

---

level, an attorney who files a frivolous motion, engages in dilatory practice, lacks candor toward the tribunal, or is unfair to an opposing party or counsel, may be subject to sanctions under Rule 3.1, 3.2, 3.3, or 3.4 of the Maryland Lawyers' Rules of Professional Conduct. Rule 1230 and Appendix.