577 A.2d 34

**ALITALIA LINEE AEREE ITALIANE et al.**

v.

**John Burton TORNILLO.**

**No. 152, Sept. Term, 1989.**

Court of Appeals of Maryland.

July 31, 1990.

Herbert Burgunder, Jr. and John S. Hashim, Jr., Baltimore, for petitioners.

Luiz R.S. Simmons, Silver Spring, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and CHASANOW, JJ.

ADKINS, Judge.

The question before us is whether a motion for rehearing filed pursuant to Maryland Code (1957, 1985 Repl.Vol.), Article 101, § 56(e) must be preceded by a hearing at which counsel or parties appear and present their adverse positions orally before a member of the Workmen's Compensation Commission. We shall hold that the subsection embodies no such requirement.

## I.

Respondent, John Burton Tornillo, claimed that he had sustained an accidental personal injury arising out of and in the course of his employment by petitioner, Alitalia Linee Aeree Italiane.[1] He so alleged in a claim form that he filed with the Workmen's Compensation Commission on 22 November 1986.

The form Tornillo filed described, among other things, the circumstances surrounding the accident and the nature of the injuries allegedly sustained. At its foot was the printed admonition:

ATTENTION: FOR EMPLOYER AND INSURER INFOR-
MATION ONLY

Consideration Date: Unless a request for hearing is received by the Commission on or before 1986 Dec. 16 an Order will be passed upon the evidence in the hands of the

---

1. Alitalia's worker's compensation insurer, Graphic Arts Mutual Insurance Company, also is a petitioner, but we shall refer to both as "Alitalia."

Commission. Any request for hearing shall be filed with the Commission in accordance with Rule No. 9B of the Rules of Procedure.

16 December came and went, but Alitalia filed neither issues nor a request for hearing, nor anything else with the Commission. True to its warning, on 13 January 1987 the Commission acted "on the evidence in the record" (Tornillo's claim form) and made an award of temporary total disability benefits in Tornillo's favor.

A week later Alitalia filed with the Commission a "Motion to Strike Order of January 13, 1987/Motion for Rehearing" with issues attached. The issues questioned whether Tornillo had in fact sustained a disabling accidental personal injury arising out of and in the course of his employment. The motion raised a number of contentions: that Alitalia did not conduct business in Maryland and was not covered by the Worker's Compensation law; and that its insurer had not received notice of the claim until after the 16 December 1986 "consideration date." On 23 June 1987, after hearing counsel for the parties, the Commission denied the motion.

Alitalia appealed to the Circuit Court for Montgomery County. By then, many more than 30 days had elapsed since passage of the 13 January award of compensation.[2] After some preliminary skirmishing, Tornillo sought summary judgment on the ground that the appeal was untimely. He argued that Article 101, § 56(e)(iii), which tolls the time for appeal from a Commission order while a motion for rehearing is pending, was inapplicable because the Commission had never held a hearing in the first place. The circuit

---

2. An order for appeal from an administrative agency's decision ordinarily must be "filed within thirty days from the date of the action appealed from." Md. Rule B4.

court granted the motion and entered judgment in favor of Tornillo.

Alitalia met with no greater success when it resorted to the Court of Special Appeals, which affirmed the circuit court. The intermediate appellate court noted that no one had appeared and argued before the Commission prior to the entry of its 13 January 1987 award. As a consequence, the Court of Special Appeals believed there had never been a hearing before the Commission. Relying on its earlier decisions in *Suber v. Washington Transit Authority,* 73 Md.App. 715, 721, 536 A.2d 142, 145 (1988), and *East Coast Freight Lines v. Harris,* 37 Md.App. 256, 377 A.2d 530 (1977), it concluded that the tolling provisions of § 56(e)(iii) were never invoked because "[t]here can be no motion for rehearing unless there has been a hearing." *Alitalia Linee Aeree Italiane, et al. v. Tornillo,* No. 107, Sept. Term, 1989 (Md.App., filed 2 Oct. 1989) (unreported) [slip op. at 4]. We believe the Court of Special Appeals read § 56(e) too narrowly.

## II.

### A.

Before us, Tornillo essentially repeats the slogan that "[t]here can be no motion for rehearing unless there has been a hearing" and concludes, therefore, that § 56(e)(iii) is inapplicable. He prefaces that argument, however, with the assertion that Alitalia's motion of 13 January 1987 was not a proper motion for rehearing because it did not contain the magic words "error of law, or newly discovered evidence," these being the statutory grounds for a motion for rehearing under § 56(e)(i).

Ordinarily, "magic words" are not essential to successful pleading in Maryland. Courts and administrative agencies are expected to look at the substance of the allegations before them, not merely at labels or conclusory averments. *Gluckstern v. Sutton,* 319 Md. 634, 650–651, 574 A.2d 898, 906 (1990); *State v. Hogg,* 311 Md. 446, 457, 535 A.2d 923,

928 (1988); *Higgins v. Barnes,* 310 Md. 532, 535 n. 1, 530 A.2d 724, 725 n. 1 (1987) ("[O]ur concern is with the nature of the *issues* legitimately raised by the pleadings, and not with the labels given to the pleadings." [emphasis in original]). Nor is it important whether a party asserts in its motion matters that, if correct, would entitle it to rehearing. *Stinnett v. Cort Furniture,* 315 Md. 448, 457, 554 A.2d 1226, 1230 (1989). The motion, partially captioned "Motion for Rehearing," set forth contentions that the Commission's award for Tornillo had been affected by errors of law. That was sufficient to make it an adequate motion for rehearing under § 56(e), if the circumstance of the case were such as to authorize the filing of such a motion. That question is at the heart of this case, and we now turn to it.

## B.

In pertinent part, § 56(e) provides:

(i) A Motion for a rehearing may be filed within 15 days from the date of the decision of the Commission, only upon grounds of error of law, or newly discovered evidence.... The motion shall be in writing and state the reasons therefor....

(ii) If a motion for rehearing is granted, the Commission shall promptly hold a hearing and issue any order it deems appropriate.

(iii) If a motion for rehearing is filed, the time within which an appeal can be taken from the decision shall commence from the time of ruling by the Commission on the motion or, if the motion is granted, from the time an order is issued pursuant to paragraph (ii) of this subsection....

In *Stinnett, supra,* we had occasion to trace the history of this language and to explain its meaning. There, we pointed out that the statute is concerned with "prudent promotion of judicial economy"—an objective sought by way of "reducing the number of appeals" from the Commission to the courts. 315 Md. at 454, 554 A.2d at 1228. That

legislative policy is enhanced, as *Stinnett* makes clear, by assuring that the Commission has a reasonable opportunity to give full consideration to timely and substantive allegations that question the propriety of its orders before a controversy moves on to the judicial level. An administrative agency should be able to apply its administrative expertise to a matter before it; that is why we require exhaustion of administrative remedies, *Muhl v. Magan*, 313 Md. 462, 480–481, 545 A.2d 1321, 1330 (1988), and one of the reasons we defer to certain administrative actions on appeal, *CBS v. Comptroller of the Treasury*, 319 Md. 687, 698, 575 A.2d 324, 329 (1990). *See Prince George's Co. v. Blumberg*, 288 Md. 275, 284, 418 A.2d 1155, 1160–1161 (1980), *cert. denied*, 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981).

In the case before us, the 13 January 1987 order of the Commission was not based on an adversarial presentation, and there was little opportunity to apply administrative expertise to a full factual record. The rehearing process gave the Commission an opportunity to decide, using its expertise, whether it was appropriate to reexamine Tornillo's claim. In short, this case affords an excellent example of the circumstances under which the § 56(e) policy should operate, if the statutory language will allow it to do so.

The question, then, is whether the word "hearing" must be strictly limited to a proceeding at which counsel or parties in fact are heard—or at least have the opportunity to be heard: *i.e.*, to present evidence and to make oral presentations to the tribunal. Tornillo gives us the definition from *Black's Law Dictionary* 852 (4th ed. 1968): a "[p]roceeding of relative formality, generally public, with definite issues of fact or of law to be tried, in which parties proceeded against have right to be heard, and is much the same as a trial and may terminate in final order." [3] That sort of proceeding is no doubt a hearing. But when we

---

**3.** The definition in the more current *Black's Law Dictionary* 649 (5th ed. 1979) is quite similar.

read § 56(e) in the light of its legislative goal, we decline to limit the word to the extent Tornillo would. *See Stinnett,* 315 Md. at 453, 554 A.2d at 1228.

In *Stinnett,* we pointed to a procedural problem that existed in our trial courts in 1957, when § 56(e) was amended to essentially its present form. The problem, produced by interpretations of former Maryland Rule 625, was that filing a motion for revision of a judgment did not toll the time for appeal. 315 Md. at 454, 554 A.2d at 1228–1229. We suggested that those 1957 amendments to § 56 were intended to avoid that sort of problem in worker's compensation cases—a result subsequently achieved on the judicial side by the adoption of former Maryland Rule 1012(d), and present Rule 8–202(c). 315 Md. at 453–455, 554 A.2d at 1228–1229.

Former Rule 625 dealt with, and present Rule 2–535 treats, revision of a judgment. We have likened that procedure to a motion for rehearing. *Tiller v. Elfenbein,* 205 Md. 14, 19, 106 A.2d 42, 44 (1954). But there was nothing in old Rule 625 and there is nothing in present Rule 2–535 that limits the procedure there established to a judgment preceded by an oral, adversarial hearing.

In other words, § 56(e), like Rule 2–535, deals, in effect, with revision of an order, although the former's scope is in some respect more limited than the latter's. The purpose of each, however, is much the same: to permit the tribunal to reconsider an action it has taken; it provides an opportunity for the tribunal to engage in an exercise in self-correction, thereby possibly avoiding an appeal. As has been said about the rule:

> The filing of a motion to revise a judgment is, as a practical matter, a substitute for appeal. The moving party's last attempt to win is directed to the trial court, instead of the Court of Special Appeals.

P. Niemeyer & L. Richards, *Maryland Rules Commentary* 324 (1984).

A motion under Rule 2–535 is sometimes called a motion to reconsider; indeed, Tornillo so designates it in his Brief, at 16. *See Lieberman v. Lieberman,* 81 Md.App. 575, 580 n. 1, 568 A.2d 1157, 1159 n. 1 (1990). "Rehearing" embodies the notion of reconsideration, for it has been defined as "[s]econd consideration of cause for purpose of calling to court's or administrative board's attention any error, omission, or oversight in first consideration." *Black's Law Dictionary* 1157 (5th ed. 1979). That definition fits quite comfortably the facts of this case as well as the legislative goal of § 56(e). The focus of a reconsideration or rehearing ordinarily is on the action that the tribunal took rather than on the type of proceeding that preceded it.

No violence is done to the meaning of "hearing" by reading it as extending to something other than an oral presentation before the tribunal. We have recognized the concept of a "paper hearing." *Phillips v. Venker,* 316 Md. 212, 218, 221–222, 557 A.2d 1338, 1341, 1343 (1989). *See Talley v. Talley,* 317 Md. 428, 435 n. 2, 564 A.2d 777, 781 n. 2 (1989); *Gray Panthers v. Schweiker,* 652 F.2d 146, 148 n. 3 (D.C.Cir.1980) ("paper hearing" falls within meaning of "hearing"). Even in the context of due process at the appellate level, a hearing need not include oral presentations. *Ad + Soil, Inc. v. County Comm'rs,* 307 Md. 307, 318–319, 513 A.2d 893, 899 (1986). *And compare Sieck v. Sieck,* 66 Md.App. 37, 40 n. 1, 502 A.2d 528, 530 n. 1 (1986) ("[T]ried by the court" as used in Rule 2–534 includes disposition by motion for summary judgment.). Words in statutes and rules should be read in a way that advances the legislative policy involved. *Morris v. Prince George's County,* 319 Md. 597, 603–604, 573 A.2d 1346, 1349 (1990).

Tornillo insists that to treat § 56(e)(iii) as though it were a revision or reconsideration provision similar to Rule 2–535 would be inconsistent with the Maryland Rules. He argues that the post-judgment motions which, if timely filed, toll appeal time pursuant to Rule 8–202 (motions, *e.g.,* under Rule 2–532, 2–533, or 2–534) all have as a "sine qua non" the fact that court or jury trial had occurred. Rule 2–535,

he apparently concedes, may be invoked even if the judgment sought to be reconsidered was not preceded by a trial. But, he says, a motion under the rule will not toll the time for appeal. As to this he is wrong, for a Rule 2–535 motion, if filed within 10 days of the entry of judgment by the court, will be treated as a Rule 2–534 motion and have the same effect on appeal time. *Unnamed Atty. v. Attorney Griev. Comm'n,* 303 Md. 473, 486, 494 A.2d 940, 946 (1985); *Sieck, supra,* 66 Md.App. at 42–44, 502 A.2d at 531–532; Committee Note to Rule 8–202(c). *See also B & K Rentals v. Universal Leaf,* 319 Md. 127, 132, 571 A.2d 1213, 1215–1216 (1990) and *Yarema v. Exxon Corp.,* 305 Md. 219, 241 n. 19, 503 A.2d 239, 250 n. 19 (1986).

Tornillo is equally misguided in his confidence in *Bailey v. Bailey,* 186 Md. 76, 46 A.2d 275 (1946), 181 Md. 385, 30 A.2d 249 (1943). That opinion does not hold that a hearing can be nothing except a proceeding at which parties are heard orally and adversarially; it holds only that under certain circumstances, such a hearing must be had; see also *Phillips* and *Ad + Soil,* both *supra.*

As to the Court of Special Appeals decisions upon which Tornillo relies, *East Coast* was a case in which the Commission had (according to the court) "inadvertently" entered an award and then reopened it when the insurer filed issues. 37 Md.App. at 263, 377 A.2d at 533. The holding in the case was that this reopening was proper under Article 101, § 40(c). *Id.* at 264, 377 A.2d at 534. En route to that holding, the court disposed of a contention that the insurer's action had in actuality been a motion for rehearing under § 56(e)—a motion not warranted by that subsection. The court thought § 56(e) was "totally inapplicable":

> the proceedings were patently not in the nature of a "rehearing" because no hearing had been held in the first place. The Commission had acted *ex parte* on the basis of the employee's claim when it made a temporary award....

*Id.* at 262, 377 A.2d at 533. This conclusion was recited without any review of the language or legislative history or

purpose of § 56(e), and it is not supported by the citation of any authority. We disapprove it.

*Suber v. Washington Transit Authority* also dealt with § 40(c). The opinion discusses *East Coast* and in summarizing the earlier opinion reiterates that "because no hearing had been held in the first place, filing of issues late could not constitute a Motion for Rehearing [under § 56(e)]...." 73 Md.App. at 721, 536 A.2d at 145. Having disapproved that language in *East Coast,* we disapprove its repetition in *Suber.*

In sum, § 56(e) permits the Commission to reconsider a prior action whether or not that prior action was an adversarial proceeding at which counsel or parties made oral presentations. When a motion is timely filed under § 56(e), and its substance alleges that the Commission's prior action was based on an error of law or that there is newly discovered evidence, the time for appeal from the prior action is tolled as provided in the subsection. Therefore, the subsection was applicable here. Since both the circuit court and the Court of Special Appeals erroneously concluded to the contrary, and thus that Alitalia's appeal was untimely, we must reverse. The appeal was timely and its merits must be addressed.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTION TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND REMAND TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THE OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT.