9 A.3d 112

Christina THOMPSON

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**No. 977, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

Dec. 2, 2010.

236

James K. Macalister, Baltimore, MD (Deborah L. Potter, Jaklitsch Law Group, on the brief, Upper Marlboro, MD), for appellant.

238

Laura B. Jacobs (Budow and Noble, on the brief), Bethesda, MD, for appellee.

Panel: ZARNOCH, WRIGHT and IRMA S. RAKER (Retired, Specially Assigned), JJ.

ZARNOCH, J.

It is not often that a routine venue dispute triggers difficult issues of statutory construction and constitutional law. But this is such a case.

At the center of the controversy is a 2007 enactment of the General Assembly creating administrative and judicial remedies for a first-party insured against a property and casualty insurer who fails to act in good faith in denying coverage or declining payment for a covered loss. Chapter 150, *Laws of 2007.*[1] The law also confers on the parties the right to have "the case" tried by a jury. CJP § 3–1701(j). Before filing a "civil action" for damages under the statute, an insured must file a complaint with the Maryland Insurance Administration (MIA) and obtain a final decision from that agency after a "paper hearing" or from the Office of Administrative Hearings (OAH) after a contested case hearing. CJP § 3–1701(c)(1) and INS § 27–1001(c)(1) and (d)(1).[2] INS § 27–1001(g)(1) provides:

> If a party receives an adverse decision, the party may appeal a final decision by the Administration or an administrative law judge under this section to a circuit court in

---

[1] The key provisions of the 2007 legislation are codified at Md.Code (1973, 2006 Repl.Vol., 2010 Supp.) § 3–1701 of the Courts and Judicial Proceedings Article (CJP), and Md.Code (1995–97, 2006 Repl.Vol., 2010 Supp.), § 27–1001 of the Insurance Article (INS).

[2] Also contained in the 2007 legislation is a provision governing the tolling of limitations. CJP § 5–118 states:
> For the purposes of this subtitle, the filing of a complaint with the Maryland Insurance Administration in accordance with § 27–1001 of the Insurance Article shall be deemed the filing of an action under § 3–1701 of this Article.

accordance with § 2–215 of this article and Title 10, Subtitle 2 of the State Government Article.

And, subsection (g)(3) goes on to provide:

Notwithstanding any other provision of law, an appeal to a circuit court under this section shall be heard de novo.[3]

CJP § 3–1701 contains no express venue provision and, if that section stood alone, this cause of action would likely be subject to the general venue statute.[4] However, the statutes referenced in INS § 27–1001(g)(1) suggest two additional venue possibilities. Venue in the Administrative Procedure Act is governed by Md.Code (1984, 2009 Repl.Vol.), § 10–222(c) of the State Government Article (SG), which provides:

Unless otherwise required by statute, a petition for judicial review shall be filed with the circuit court for the county where any party resides or has a principal place of business.

Finally, INS § 2–215(c) provides that when a party petitions for judicial review of certain decisions of the Insurance Commissioner, a Baltimore City venue may be proper.[5] It is

---

**3.** Although Maryland appellate courts have frequently chided legislative bodies for incorrectly using the term "appeal" to describe judicial review of agency action, *see e.g., Anderson House, LLC v. Mayor of Rockville*, 402 Md. 689, 700, n. 9, 939 A.2d 116 (2008), and *Armstrong v. Baltimore City*, 390 Md. 469, 474, 889 A.2d 399 (2006), we will refer to the language used in the statute.

**4.** CJP § 6–201 provides:
(a) Subject to the provisions of §§ 6–202 and 6–203 of this subtitle and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation. In addition, a corporation also may be sued where it maintains its principal offices in the State.
(b) If there is more than one defendant, and there is no single venue applicable to all defendants, under subsection (a), all may be sued in a county in which any one of them could be sued, or in the county where the cause of action arose.
Venue for appellant's breach of contract claim would also ordinarily be governed by this statute.

**5.** Specifically, subsection (c) states:
(1) Subject to paragraph (2) of this subsection, an appeal under this subtitle shall be taken:

appellant's reliance on this provision for her asserted "de novo review" of a MIA decision by the Circuit Court for Baltimore City that is the primary focus of this appeal.

## FACTS AND PROCEEDINGS

On October 6, 2005, appellant, Christina Thompson, was involved in an automobile accident in Millersville in Anne Arundel County. The insurer for the other driver settled with appellant for its policy limit of $20,000. However, appellant also had uninsured/ underinsured motorist coverage with her insurer, appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). She made a first-party claim with State Farm for $80,000 that was rejected by the insurer.

Appellant then filed a complaint with MIA alleging a violation of INS § 27–1001. On December 3, 2008, after reviewing the records, the Associate Deputy Commissioner, acting on behalf of the Insurance Commissioner, issued a Decision denying and dismissing the complaint. In so doing, MIA, among other things, concluded that State Farm was not obligated to pay appellant's claim and did not breach a duty to act in good faith. Appellant did not administratively contest MIA's determination by requesting a de novo contested case hearing at OAH. INS § 27–1001(f). Thus, the MIA determination became a "final decision" under INS § 27–1001(f)(3).

On December 30, 2008, appellant filed a Complaint and Election of Jury Trial in the Circuit Court for Baltimore City. In her two-count complaint, appellant asserted that State Farm breached its insurance contract by refusing to offer any

---

 (i) to the Circuit Court for Baltimore City; or
 (ii) if a party to an appeal is an individual, to the circuit court of the county where the individual resides.
(2) If the appeal is from the suspension or revocation of a certificate of authority of a domestic insurer or license of an insurance producer, adviser, or public adjuster, an appeal may be taken to the circuit court of the county where:
 (i) the domestic insurer has its principal place of business; or
 (ii) the licensee or certificate holder resides.

additional money for her claim.[6]  In addition, she alleged that State Farm's "failure to settle this matter within the policy limits of $100,000 constituted a Failure to Act in Good Faith as set forth in Section 3–1701 of the [CJP] Article and Section 27–1001 of the [INS] Article."[7]  She demanded a jury trial.

Appellant did not label her filing a petition for judicial review of the MIA determination, *see* Md. Rule 7–202(b) and INS § 2–215(e), but in paragraph 10 (under Count II), she stated:

> Procedurally, this matter was presented to the Maryland Insurance Administration for adjudication of the Plaintiff's Complaint.  Having found no lack of good faith on the part of the Defendant [*sic*], the Plaintiff files this Complaint seeking a *de novo* review pursuant to Section 2–215 of the Insurance Article and Title 10, Subtitle 2 of the State Government Article, Annotated Code of Maryland.  As such, venue is proper in this jurisdiction.

She prayed for $100,000 damages under each count plus attorney's fees and costs.  Under Count II, she also sought "penalties (not exceeding $125,000.00), as allowed by law."[8]

Rather than following the Maryland Rules governing notice to and service upon an administrative agency,[9] appellant

---

6.  CJP § 3–1701(i) states: "This Section does not limit the right of any person to maintain a civil action for damages or other remedies otherwise available under any other provision of law."

7.  In the information report filed with the circuit court, appellant described the nature of the action as "Contracts–Insurance."

8.  The 2007 legislation does not empower a court to impose a civil penalty, but INS § 27–305(a)(2) authorizes the Insurance Commissioner to impose a penalty "not exceeding $125,000 for each violation" of the insurer's duty to act in good faith with respect to settling a first-party claim.  Such penalties are ordinarily payable to the State, not a complainant.  Appellant's complaint did not seek an order remanding the matter back to the Commissioner for imposition of a penalty.

9.  Md. Rule 7–202(d)(1) states:
    Upon filing the petition, the petitioner shall deliver to the clerk a copy of the petition for the agency whose decision is sought to be reviewed. The clerk shall promptly mail a copy of the petition to the agency,

served State Farm in care of the Insurance Commissioner as the insurer's resident agent, apparently, under INS § 4–107, CJP § 6–306 and Md. Rule 2–124(d). MIA did not notify "all parties" of the filing of a petition for judicial review, see Md. Rule 7–202(d) and (e), or transmit the administrative record to a circuit court.[10] See Md. Rule 7–206 and INS § 2–215(g).[11] Instead, the court record discloses that the agency as resident agent merely forwarded the complaint to State Farm. MIA made no effort to participate or intervene in the litigation; nor does the record disclose any request or demand for the agency's presence. Appellant did not pray for relief against MIA, such as that authorized by INS § 2–215(h) or SG § 10–222(h).

On March 30, 2009, State Farm filed a Motion to Dismiss appellant's complaint, serving it on appellant's counsel, but not MIA. See Md. Rule 7–204(b).[12] The insurer contended that appellant did not have a statutory right to a Baltimore City venue under INS § 2–215 or the APA and that, under the forum non conveniens doctrine, Anne Arundel County was the more appropriate venue for appellant's action. Appellant opposed the motion, relying on INS § 2–215, and argued that it would have been an abuse of discretion for a court to disturb a plaintiff's choice of venue.

On May 29, 2009, the circuit court held a hearing on the motion, which was treated by the court as a motion to trans-

---

informing the agency of the date the petition was filed and the civil action number assigned to the action for judicial review.

10. As a result, the deadline for filing memoranda under Md. Rule 7–207 was not triggered.

11. The December 3, 2008 MIA decision is found in the record of this case only as an attachment to State Farm's motion to dismiss and as an exhibit to appellant's opposition.

12. The motion was filed 60 days after service as permitted by Md. Rule 2–321(b)(3) for a defendant's service by the Insurance Commissioner as resident agent, not during the 30–day period established by Md. Rule 7–204(b) and (c) for filing a venue objection to a forum asserted in a petition for judicial review. Appellant did not challenge the venue motion as untimely.

fer. After argument, the court rejected the contention that INS § 2–215 could be applied in this case to permit a Baltimore City forum and concluded that a transfer to Anne Arundel County was warranted. Specifically, the circuit judge said:

> Well, what I have before me, however, is a civil action with an election for jury trial. Now, you may have styled it as a complaint seeking a de novo review, and it will be a de novo hearing, but it was filed as a complaint for a civil action in this case. Now, I understand that deference is to be made to the Plaintiff with regard to his or her choice of forum. However, this is … now a motion seeking transfer for forum nonconveniens, wherein deciding those motions—when the Plaintiff chooses outside the forum in which he or she lives, less deference is given to [her] choice of forum if the other considerations that the Court must [examine in deciding] the motion for forum nonconveniens.

Then, he noted:

> In this case, both the Plaintiff and the other driver … one lived in Anne Arundel County and the other lived in some other County. I thought they both lived in Anne Arundel County, but neither one of them live here in Baltimore City. The [accident] occurred … in Anne Arundel County, the medical providers, from what I understand, were in Anne Arundel County or Calvert County, and the accident was investigated by police officers in Anne Arundel County. Now, I understand that the appeal is to be heard de novo, but this appeal is—it's styled as a complaint for a civil action, which has no ties to Baltimore City. Although, I can take notice that, I guess, State Farm does have an office here since … I was insured with State Farm … But I don't see the ties to Baltimore City, even reading the statute as you had me read it. The motion for forum non conveniens to transfer in the interest of justice is granted.

On June 2, 2009, an order was entered denying the motion to dismiss and granting the motion to transfer. This appeal followed.

## QUESTIONS PRESENTED

Appellant has asked us to address the following issues:

I. Whether the caption or the body of a complaint controls its characterization as a de novo appeal of an Insurance Administration finding.

II. Whether the trial court abused its discretion in transferring a bad faith de novo appeal of an Insurance Administration finding, where the underinsured motorist insurer waived its right to subrogate against the underinsured tortfeasor.

State Farm has phrased the issues in this fashion:

I. Whether the lower court acted properly within its discretion and in the interest of justice in ordering the transfer of the case on the grounds of *forum non conveniens* as Thompson had no ties to Baltimore City, regardless of whether the case involved a lack of good faith claim and the insurance carrier waived subrogation against the tortfeasor.

II. Whether an appeal of a decision by the Maryland Insurance Administration requested pursuant to Ann. Md.Code, Insurance, § 2–215 is a separate and distinct action from a civil action filed pursuant to Ann. Md. Code, Court and Judicial Proceedings, § 3–1701.

III. Whether a party who appeals a decision by the Maryland Insurance Administration pursuant to Ann. Md. Code, Insurance, § 2–215(a) is precluded from seeking a jury trial and conducting discovery as provided for by the Maryland Rules of Civil Procedure, and (b) if the party is an individual, whether she is limited to jurisdiction in the county where she resides.

For reasons that follow, we affirm the decision of the circuit court.

## DISCUSSION

### A. Venue for De Novo Review

While our review of a decision to transfer an action on *forum non conveniens* grounds is governed by an abuse of

discretion standard, *Urquhart v. Simmons,* 339 Md. 1, 17, 660 A.2d 412 (1995), appellant's contention that the circuit court erred in not permitting a Baltimore City venue for the de novo review of the MIA decision is a purely legal question that we review, appropriately, de novo. The latter issue is complicated by: 1) the constitutional problems associated with the assertion of a statutory right to de novo judicial review by a jury of an administrative agency determination; 2) the difficulties in reconciling the statutory provision for de novo review, INS § 27–1001(g), when a plaintiff has taken the "paper hearing" route to court and the judicial review mechanisms found in INS § 2–215, SG § 10–222 and Title 7, Chapter 200 of the Maryland Rules of Procedure; and 3) the fact that appellant has ignored most of the requirements of these provisions. In our view, these complications make it impossible for appellant to get where she wants to go, *viz.* Baltimore City.

## 1. Constitutional Concerns

■ At first glance, appellant's demand for a Baltimore City jury to review de novo MIA's rejection of her claim appears to be inconsistent with the Court of Appeals' landmark decision in *Department of Natural Resources v. Linchester Sand & Gravel Corp.,* 274 Md. 211, 334 A.2d 514 (1975). There, the Court invalidated a statute which conferred upon a person denied a wetlands permit and dissatisfied with an administrative adjudication of the matter, a right to de novo judicial review and a jury trial. Such a scheme, the Court held, invaded the powers of the Executive Branch and imposed nonjudicial duties on the Judiciary in violation of the Separation of Powers Clause of Article 8 of the Maryland Declaration of Rights. *Id.* at 225–29, 334 A.2d 514. Specifically, the Court said: "It was not competent . . . for the court to empanel a jury and then in effect instruct it to convert itself into an administrative body with authority, as if original, to grant or deny a permit. . . ." *Id.* at 228, 334 A.2d 514. It recognized that "in very rare instances," the Legislature could create administrative agencies whose functions are subject to "a broader scope of judicial review" and pointed to the "singu-

lar [ ] example" of the Workers' Compensation Commission. *Id.* at 227, 334 A.2d 514. The Court did not question the de novo judicial review mechanism established for workers' compensation claims because the Commission's "activities are in substitution for traditional common law rights and procedures while at the same time it functions to establish a remedy otherwise the subject of a tort action." *Id.*[13]

Mindful of our obligation, if possible, to construe a statute to avoid a constitutional question, *In re Roberto d.B.*, 399 Md.

---

**13.** The impact of *Linchester Sand and Gravel* on similar de novo judicial review provisions in Maryland statutes (including the insurance laws) was an issue considered by the Commission to Revise the Administrative Procedure Act in 1991–92 and addressed in its substantive statutory revision, Chapter 59, *Laws of 1993*. The Commission's report noted:

The Commission recommends that, except in the unique circumstances of the Workers' Compensation Commission and the Health Claims Arbitration Office there should be no further *"de novo"* appeals of administrative decisions. One of the changes suggested by the Insurance Division for its statute (and included in the attached draft bill) is the elimination of the provision allowing parties to offer new evidence to the Circuit Court, and purporting to require the Circuit Court to hear cases *"de novo."* We agree completely with this suggestion of the Insurance Division and we note that, in practice, Circuit Court Judges have not applied this provision and have prohibited the introduction of *"de novo"* evidence. Indeed, allowing such evidence could very well be a violation of the separation of powers doctrine. *See Department of Natural Resources v. Linchester*, 274 Md. 211, 224–25, 334 A.2d 514 (1975). For these reasons, we further recommend that, except in the very limited circumstances of the Workers' Compensation Commission and the Health Claims Arbitration Office, *de novo* evidence should generally not be allowed to be introduced before a Court reviewing a decision of any State agency. This change would be accomplished by adding Section 32 to Article 1 of the Annotated Code, as proposed in the attached bill.

*See Report of the Commission to Revise the Administrative Procedure Act* (Sept. 1, 1992) at p. 14.

The Commission's solution was to add to the Rules of Interpretation Article a possible "Humpty–Dumpty definition." Department of Legislative Services, *Maryland Style Manual for Statutory Law* (July, 2008) at 27, in which "de novo" judicial review of agency action meant review upon an administrative record with the limited additional evidence mechanisms specified in SG § 10–222(f) and (g). *See* Md.Code (1957, 2005 Repl.Vol.), Article 1, § 32. The 2007 good faith insurance legislation exempted its de novo appeal from the operation of this statute. *Id.* at § 32(b)(3). Obviously, the 2007 legislation intended, to the extent constitutionally permitted, unfettered de novo review.

267, 283, 923 A.2d 115 (2007), we believe the damage remedy/jury trial right authorized by CJP § 3–1701 is independent from a true de novo review of the MIA administrative determination, which is more appropriately characterized as a precondition to the civil suit.[14] This, of course, undercuts appellant's reliance on INS § 2–215 (or the APA) as controlling venue in this case. There is textual support for this route to a constitutional statute. Neither INS § 2–215 nor the APA—although incorporated by reference in INS § 27–1001(g)(1)—contemplates a jury trial for a damage claim. SG § 10–222(g) expressly prohibits a jury trial in an APA case. In addition, in the 1993 APA revision, the statutory predecessor to INS § 2–215, was specifically amended to prohibit the taking of additional evidence (outside the administrative record). *See* n. 13, *supra.*[15] Thus, in the words of INS § 27–1001(g)(1), an insured would not be appealing "in accordance with" these statutes by praying a jury trial. If a plaintiff under CJP § 3–1701 seeks to present evidence before a jury, he or she is acting under that specific statute and not under the provisions upon which appellant relies. This is "the case" for which the General Assembly conferred a jury trial right under CJP § 3–1701(j).[16]

---

**14.** This conclusion reflects the views expressed in a March 23, 2007 advice letter from the Attorney General's Office to the Chairman of the House Judiciary Committee. This advice letter focused only on the de novo appeal of an insured who possessed a judicial remedy under CJP § 3–1701 and not on the case of an insurer who received an adverse decision from MIA and for whom judicial review under INS § 27–1001(g)(1) is its exclusive remedy. Whether de novo judicial review in such a case is permitted under *Linchester Sand and Gravel* is not presently before us.

**15.** Md. Rule 7–208(c), which provides that *"[a]dditional* evidence in support of or against the agency's decision is not allowed *unless permitted by law,"* also does little to advance appellant's case. (Emphasis added). This rule does not contemplate the type of de novo review sought by appellant, because it envisions judicial consideration of the agency record, Md. Rule 7–208(b), *along with* additional in-court evidence, not true or unfettered de novo review.

**16.** Another reason that the "civil action" remedy under CJP § 3–1701 is independent from the petition for judicial review of a MIA decision

## 2. Square Pegs and Round Holes

█ We have already pointed out some of the difficulties in harmonizing appellant's damage action/de novo appeal with the judicial review provisions in INS § 2–215, SG 10–222 and the Maryland Rules of Procedure. However, more square pegs and round holes abound in the statute if a plaintiff, like appellant, chooses to go directly to court after a "paper hearing." [17]

Clearly, appellant was entitled to choose this route and not seek a contested case hearing at OAH. INS § 27–1001(c) and CJP § 3–1701(c)(1). However, this selection further points out the inapplicability of INS § 2–215 and SG § 10–222. Both provisions are triggered in cases where the petitioner seeks judicial review after a more formal, in-person hearing. INS § 2–215(a) [18] and SG § 10–222(a). [19] Their language would seem to indicate that they do not apply to "paper hearings."

---

under INS § 27–1001 is found in the limitations tolling provision found in CJP § 5–118. *See* n. 2, *supra.* Because the time period for filing a civil action recognized in CJP § 3–1701(i) and appellant's breach of contract claim, is usually measured in years rather than the abbreviated 30–day period associated with judicial review of administrative agency action, the implication of CJP § 5–118 is that CJP § 3–1701 is governed by a different limitations period than a "de novo appeal" under INS § 27–1001. This is another legislative indication that INS § 2–215(c) has no application here.

17. The concept of "paper hearing" is discussed in *Alitalia Linee Italiane v. Tornillo,* 320 Md. 192, 198–99, 577 A.2d 34 (1990).

18. Section 2–215(a)(1) authorizes judicial review of "an order resulting from a hearing." INS § 2–213(b), among other things, allows a party to appear in person at a hearing and be present while evidence is given. INS § 2–215(a)(2) also permits judicial review when the Insurance Commissioner refuses to grant a hearing. The statute is couched in exclusive terms: "An appeal under this subtitle may be taken *only* in the above cases." (Emphasis added).

19. Section 10–222(a) of the SG Article authorizes judicial review of a "final decision in a contested case." Under SG § 10–213, a party in such a proceeding has the right to an in-person hearing. In 1993, the APA was amended to include MIA under the contested case provisions "as specifically provided in the Insurance Article." SG § 10–203(a)(3)(iii). Section 10–222 was not one of the provisions incorporated until the 2007 legislation referenced it in INS § 27–1001(g)(1).

Moreover, of the eight subsections of INS § 2–215 arguably relevant to appellant's action, four reference contested case hearings, subsections (a), (b), (d) and (g), which she did not request, two more speak of a petition for judicial review, subsections (e) and (f), which appellant did not file, and another deals with relief against MIA, subsection (h), which she did not seek. Under these circumstances, appellant's insistence that the venue provision of subsection (c) nevertheless applies to her case seems far-fetched.

### 3. Compliance with the Requirements for a Petition for Judicial Review

Ultimately, appellant's contention that her venue choice is tied to filing a petition for judicial review fails because she did not comply with most of the procedural requirements associated with such a filing.[20]

Appellant asserts that the circuit court's rejection of a Baltimore City venue under INS § 2–215 was based simply and incorrectly on the captioning, styling and labeling of her

---

**20.** Although mired in some confusion, one possible exception is appellant's filing in the circuit court within 30 days of the Associate Deputy Commissioner's decision—the short limitation period typically associated with judicial review of agency action. The confusion arises because a determination resulting from the "paper hearing" does not become a final MIA decision until the aggrieved party declines to request an administrative hearing before OAH and the party has 30 days to request such a hearing. INS § 27–1001(f). If we ignore INS § 2–215's focus on contested case hearings, subsection (d) would appear to give a party aggrieved by a determination resulting from a "paper hearing" 30 more days to file a petition for judicial review. The final complication is the language of CJP § 3–1701(c)(1) that generally "a party may not file an action under this subtitle before the date of a final decision under § 27–1001 of the Insurance Article."

In light of this administrative/judicial framework, to avoid the charge of a premature lawsuit and a violation of the latter restriction, it may have been advisable for appellant to have waited until 30 days had elapsed from the date of the Associate Deputy Commissioner's decision or, if filing suit earlier, to have notified MIA that the insured was not requesting a hearing before OAH. Nevertheless, under CJP § 5–118, the mere filing of an administrative complaint with MIA preserves the plaintiff's civil action under CJP § 3–1701 and the abbreviated 30–day waiting period has long since passed. In our view, the timing of appellant's filing has not jeopardized the viability of her civil action.

complaint. While we agree that in gauging pleadings, courts "are expected to look at the substance of the allegations . . . not merely at labels," *Alitalia Linee Aeree Italiane, supra,* 320 Md. at 195, 577 A.2d 34, much more is found wanting here.

First, captioning a petition for judicial review in accordance with Md. Rule 7–202 (as INS § 2–215(e) expressly requires) has a number of domino-type consequences.[21] For example, the Clerk of Court will then send the petition to the agency, Md. Rule 7–202(d)(1), and the agency will notify the parties. The time for filing a response to the petition is controlled by the date of such notice. Md. Rule 7–204(c). The time for the agency to transmit the administrative record to the circuit court is triggered by the clerk's mailing of the petition. Md. Rule 7–206(c); INS § 2–215(g). The deadline for filing memoranda runs 30 days from the date the clerk sends notice of the filing of the administrative record. Md. Rule 7–207(a).

Secondly, not only did appellant not caption her pleading as a petition for judicial review, she served it like a civil action against an insurer. There was no compliance with notice and record transmittal requirements. In fact, the only way the Associate Deputy Commissioner's decision got into the record was as an attachment to State Farm's motion to dismiss and to appellant's opposition. No relief was prayed against MIA and no attempt was made to bring the agency into the case. The timing of State Farm's motion was apparently regarded by all parties as governed by rules applicable in civil actions, not those for judicial review of agency actions. *See* n. 12, *supra.* Despite the brief reference to de novo review via INS § 2–215 in a single paragraph of appellant's complaint, in our view, she did not file a petition for judicial review under this statute and cannot plausibly claim Baltimore City as a venue under § 2–215(c).

---

21. The requirements of INS § 2–215 are read in conjunction with Title 7, subtitle 200 rules. *Ohio Cas. Ins. Co. v. Insurance Commissioner,* 39 Md.App. 547, 553, 387 A.2d 622 (1978).

Finally, the likely purpose for a Baltimore City venue under INS § 2–215(c) is for the convenience of MIA (or possibly insurers based in the City). Such a purpose is ill-served in a case such as this where MIA is virtually invisible and where its record is not before the court [22] and its decision appears to be a nullity once appellant has filed her civil action under CJP § 3–1701.[23]

## 4. If not INS § 2–215(c), then what statute governs venue?

If INS § 2–215(c) does not dictate a Baltimore City venue, we still must determine what statute governs venue when an insured prays a jury trial under CJP § 3–170(j). Because the latter statute is an independent remedy and other possible statutory provisions are inapplicable, we believe venue in this case is governed by the general venue statute, CJP § 6–201. *See* n. 4, *supra*. Thus, if Baltimore City is the proper place for appellant's suit, it would not be because of statutory dictate, but because it is the most convenient forum chosen.

---

**22.** Even if appellant had opted for a contested case hearing before an ALJ, this would not have enhanced her rationale for a Baltimore City venue because OAH is headquartered in Baltimore County.

**23.** Unlike the law governing workers' compensation claims, Md.Code (1991, 2008 Repl.Vol.), Labor and Employment Article, § 9–745(b), the 2007 good faith insurance legislation does not appear to accord weight to the MIA or ALJ decision in a subsequent judicial proceeding. We express no view on whether, in the absence of such a provision, a MIA or an ALJ decision, or the record in such proceedings, would be admissible in court under Md. Rule 5–803(b)(A)(iii) (admissibility of "factual findings resulting from an investigation made pursuant to authority granted by law," or would be barred under Maryland case-law.) *Compare Mayer v. Montgomery County*, 143 Md.App. 261, 282, 794 A.2d 704 (2002) (A "de novo decision" does not authorize consideration of the fact-finding of a hearing officer) *with County Federal Savings & Loan Association v. Equitable Savings & Loan Association*, 261 Md. 246, 259, 274 A.2d 363 (1971) (Upon de novo review, the circuit court erred in not considering the record before the agency), *and Charles H. Koch, Jr., Administrative Law and Practice* (3 Third Ed.2010) at § 9:22[4] ("As a practical matter, the term de novo judicial review does not demand judicial retrial or even extensive judicial record making. Rather the agency record remains the focal point of the conflict as it does in true review.")

## B.   Forum Non Conveniens

### 1.   Legal Standards

We review the transfer on the basis of *forum non conveniens* for an abuse of discretion.   The decision whether to transfer an action is "predominantly fact-driven."   *Leung v. Nunes,* 354 Md. 217, 226, 729 A.2d 956 (1999).   The circuit court enjoys wide discretion in determining whether to transfer an action on the grounds of *forum non conveniens,* and a reviewing court should be reluctant to substitute its judgment for that of the trial court.   *Wagner v. Wagner,* 109 Md.App. 1, 52, 674 A.2d 1 (1996).

Maryland Rule 2–327(c) provides:  "On motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice."   In *Odenton Dev. Co. v. Lamy,* 320 Md. 33, 40, 575 A.2d 1235 (1990), the Court of Appeals adopted a balancing test to determine whether transfer to a more convenient venue was warranted.   In deciding to transfer a case on the basis of *forum non conveniens,* a court must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the interest of justice.   *Id.* (quotations and citations omitted).   In *Stidham v. Morris,* 161 Md.App. 562, 569, 870 A.2d 1285 (2005), this Court noted:

> [P]ublic interests include, among other things, consider-ations of court congestion, the burdens of jury duty, and local interest in the matter.   Jury duty, the Court of Appeals has stressed, is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.   And, as for local interest, that Court has observed, [t]here is a local interest in having localized controversies decided at home.

(Quotations and citations omitted).

When multiple venues are appropriate, it is the plaintiff's prerogative to choose the forum where his or her

case will be heard. *Cobrand v. Adventist Healthcare*, 149 Md.App. 431, 439, 816 A.2d 117 (2003). However, less deference is accorded a plaintiff's choice of forum when she is not a resident of that jurisdiction. *Stidham*, 161 Md.App. at 569, 870 A.2d 1285. The party seeking transfer has the burden of presenting evidence that weighs strongly in its favor. *See Nodeen v. Sigurdsson*, 408 Md. 167, 180, 968 A.2d 1075 (2009) ("Although the court generally has wide discretion in deciding whether to grant the motion, it is an abuse of that discretion for the court to disturb a plaintiff's choice of venue when the balance does not weigh strongly in favor of the proponents of the transfer.")

## 2. Analysis

■ There is no local interest in burdening a Baltimore City jury with deciding this case. The collision occurred in Anne Arundel County. This is where appellant resides, and according to unchallenged representations of State Farm, this is where the other driver lives.[24] State Farm concedes that it does business in Baltimore City, but it does so in a number of subdivisions, including Anne Arundel County. Appellant's medical providers were located in Anne Arundel or Calvert County. The accident was investigated by the Anne Arundel County police. The insurance contract which appellant asserts has been breached was entered into in Calvert County. The claim was processed at a State Farm office in Baltimore County.

Appellant responds that the convenience of non-City witnesses is not a factor because State Farm has waived subrogation and is precluded from contesting liability for the accident. This contention was not made in the circuit court. But even if it had been made, a jury will still have to decide the issue of

---

**24.** In her brief, appellant maintains that State Farm's motion to transfer was "procedural[ly] flaw[ed]" because evidence such as the residence of the driver was not presented in an affidavit. Aside from the fact that there is really no dispute about these matters, appellant did not raise this issue below. Thus, this procedural question is not before us now.

damages and the testimony of investigating officers and treating physicians could likely bear on that question. Moreover, any testimony on the key issue in this case—whether State Farm acted in good faith in denying appellant's claim—will very likely come from witnesses located outside Baltimore City.

Finally, the fact that MIA, located in Baltimore City, rejected appellant's complaint does not tip the balance in favor of a City forum. She has not named MIA as a party. Nor does she seek review or consideration of MIA's decision.

In our view, the circuit court carefully considered appellant's right to a Baltimore City venue, discounted, of course, by the fact that she does not live there, and appropriately weighed the convenience of witnesses and public interest factors such as the absence of a local interest. The circuit judge did not abuse his discretion in determining that the evidence weighed strongly in favor of transferring appellant's case to Anne Arundel County.

**ORDER OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**