*In the Matter of Justin Holder*, No. 1627, September Term, 2024.  Opinion by Nazarian, J.

**COLLATERAL ESTOPPEL – ADMINISTRATIVE COLLATERAL ESTOPPEL – REGULATORY SCHEME UNDER THE INSURANCE ARTICLE**

Under the doctrine of collateral estoppel, final conclusions of law or findings of fact made by an adjudicative body bind the parties to the proceeding in that or future proceedings. This doctrine applies the same for administrative quasi-judicial proceedings as for full judicial proceedings. A hearing under Md. Code (1997, 2017 Repl. Vol.), § 27-303 of the Insurance Article ("IN") can have collateral estoppel effects on later administrative or judicial proceedings, because the General Assembly did not abrogate the common law rule of collateral estoppel in relation to that section. The General Assembly has abrogated collateral estoppel effects arising from proceedings under IN § 27-1001, but not for other hearings under the Insurance Article.

**INSURANCE CLAIMS-HANDLING – DENIAL NOT IN GOOD FAITH – LACK OF COVERAGE BARS LIABILITY**

Under IN § 27-1001 and Md. Code (1974, 2020 Repl. Vol.), § 3-1701 of the Courts & Judicial Proceedings Article ("CJ"), an insurer can be liable to an insured if it makes a claims-handling decision "not in good faith." The decision to deny a claim because the claim is not covered cannot lack good faith.

**ADMINISTRATIVE LAW – JUDICIAL REVIEW – STRIKING CIVIL CLAIMS FROM PETITION FOR JUDICIAL REVIEW**

It is not an abuse of discretion for a circuit court to strike an amended complaint that seeks to add civil claims to a petition for judicial review of agency action. The differences between the two types of proceedings, as established by the differing areas and requirements of the Maryland Rules, make keeping the two types of proceedings together in one case unduly burdensome. It is not an abuse of discretion for a circuit court to keep them separate.

Circuit Court for Washington County
Case No. C–21–CV–23–000550

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1627

September Term, 2024

_____

IN THE MATTER OF JUSTIN HOLDER

_____

Nazarian,
Albright,
Kenney, James A. III
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.

_____

Filed: February 5, 2026

* Judge Donald Beachley and Judge Kevin Arthur did not participate in the decision to report this opinion pursuant to Md. Rule 8-605.1.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

The adage "if at first you don't succeed, try try again" doesn't apply in lawsuits. In this appeal, Justin Holder seeks to challenge the ruling of the Maryland Insurance Administration ("MIA") that he was collaterally estopped from relitigating Erie Insurance Exchange's and Erie Insurance Company's (collectively, "Erie") duty to defend him in a lawsuit filed against him by his neighbors. He also challenges the Circuit Court for Washington County's decision to strike his Second Amended Complaint when he tried to add civil claims to his petition for judicial review. We affirm.

## I.     BACKGROUND

### A. The Insurance Policies, The Underlying Lawsuit, And The Denial Of Coverage

Erie sold Mr. Holder and his wife an ErieSecure Home Policy and a Personal Catastrophe Liability Policy—homeowner's insurance and an umbrella policy (collectively, the "policies"). Both policies included a duty to defend insureds against covered claims and excluded coverage for any injury expected or intended by the acts of the policyholders.

After buying these policies, Mr. Holder and his wife got into a land dispute with various parties, including his neighbors. This dispute eventually led to litigation styled *Estes v. Holder*, Circuit Court for Washington County, Case No. C–21–CV–20–000430. That case generated an unreported opinion of this Court, and we won't recount the background of the land dispute in full. *See Holder v. Estes*, No. 61, Sept. Term 2023 (Md. App. May 3, 2024). The relevant part of the history is that the Estes family sued Mr. Holder and his wife and asserted six counts, including trespass to land, a statutory natural resources

tort, private nuisance, aiding and abetting trespass to land, quiet title, and ejectment. Importantly, all six of these counts either are for inherently intentional torts or only allege injuries arising from intentional acts.

Mr. Holder asked Erie to provide coverage and a defense in connection with the claims in the *Estes* suit. After reviewing the information Mr. Holder provided, Erie denied coverage and declined to provide a defense because it believed that there was no coverage under the policies for the claims alleged. Erie cited a variety of reasons for the denial, among them the fact that the allegations in the *Estes* complaint alleged only intentional injuries that are excluded from coverage.

### B. The 303 Action

Mr. Holder disagreed with Erie's analysis, and he filed an administrative complaint with the MIA (the "303 Action") alleging a violation of Md. Code (1997, 2017 Repl. Vol.), § 27-303 of the Insurance Article ("IN"). That provision forbids various "unfair claim settlement practice[s]," including "refus[ing] to pay a claim for an arbitrary or capricious reason based on all available information." IN § 27-303(2). Mr. Holder asked the MIA to punish Erie under IN § 4-113, which authorizes the Commissioner to suspend, revoke, or refuse to renew an insurer's certificate of authority for various violations of the Insurance Article, including a violation of IN § 27-303. *See* IN § 4-113(b).

The Administration delegated the case to the Office of Administrative Hearings ("OAH"), and OAH convened a contested hearing before an Administrative Law Judge ("ALJ"). The ALJ took testimony and examined evidence from both Mr. Holder and Erie. Mr. Holder represented himself and testified on his own behalf. After the hearing, the ALJ

2

issued a Proposed Decision and Proposed Order. Mr. Holder filed Exceptions, and, in response to his objections, the MIA adopted OAH's findings in a Final Order with minor corrections. Altogether, the MIA found that Erie didn't owe Mr. Holder coverage or a defense for the *Estes* suit because the complaint solely alleged intentional injuries that were not covered by the policies. The agency pointed out that the duty to defend, while broader than the scope of coverage, is triggered only if the allegations on the face of a complaint would be covered if proven true. Since the *Estes* allegations involved only excluded intentional injuries, the duty to defend was not triggered and Erie could not have violated IN § 27-303 when it denied both coverage and a defense. Mr. Holder did not appeal this final agency action.

## C. The 1001 Action

Instead, roughly ten months later, Mr. Holder filed a new administrative complaint against Erie in the MIA (the "1001 Action"). His new line of attack alleged a violation of IN § 27-1001 for denying coverage "not in good faith." The MIA didn't issue a decision within 90 days, which denied the complaint by operation of law, and Mr. Holder requested another hearing before OAH. Erie moved for summary decision[1] on administrative collateral estoppel grounds based on the unappealed decision in the 303 Action.

The ALJ granted Erie's motion in a written decision. They said that an insurer cannot be liable under IN § 27-1001 for denying coverage or a defense if it didn't ultimately *owe* coverage or a defense, regardless of how the insurer came to that decision. The ALJ

---

[1] Summary decision is the agency equivalent of summary judgment.

also pointed out that they already had found that Erie owed Mr. Holder no coverage or defense for the *Estes* suit and that the fully contested hearing in the 303 Action satisfied all of the factors for administrative collateral estoppel on that issue. That decision served as the final agency action in the 1001 Action.

**D. Judicial Review In The Circuit Court And The Amended Complaint**

Mr. Holder responded to the summary decision in the 1001 Action by filing a petition for judicial review in the Circuit Court for Washington County. The petition invoked Title 7 of the Maryland Rules—the rules governing judicial review of agency action—explicitly. Mr. Holder also invoked the section of IN § 27-1001 that provides for judicial review, IN § 27-1001(g). Everyone proceeded with the case on that posture. The MIA sent out notices of the petition, the Court requested and received the administrative record, the MIA declined to participate, and the parties submitted legal memoranda.

Before the circuit court could hold a hearing on the petition, Mr. Holder filed an amended complaint that sought to add a host of civil claims under Md. Code (1974, 2020 Repl. Vol), § 3-1701 of the Courts & Judicial Proceedings Article ("CJ"). This complaint alleged a separate civil cause of action, the elements and contours of which are identical to IN § 27-1001. Erie moved to strike the amended complaint on the ground that independent civil claims cannot be heard in a case for judicial review of an administrative action.

At an omnibus hearing, the circuit court addressed the petition for judicial review and affirmed the agency's ruling. It also granted Erie's motion and struck the amended complaint. The court memorialized its oral orders in writing and Mr. Holder noted a timely appeal.

## II.      DISCUSSION

Mr. Holder raises one question on appeal but argues two issues, which we rephrase as follows: [2]

> 1. Did the MIA find correctly that Mr. Holder was collaterally estopped from relitigating whether Erie owed him a duty to defend?
>
> 2. Did the circuit court abuse its discretion when it struck Mr. Holder's Second Amended Complaint?

We hold that the decision in the 303 Action collaterally estopped Mr. Holder from relitigating the issue of whether Erie owed him a duty to defend and that the court didn't abuse its discretion when it struck Mr. Holder's civil claim from his judicial review case.

*First*, "[i]n [an] appeal from the judgment of the circuit court on judicial review of a final agency decision, we look 'through' the decision of the circuit court and review the decision of the MIA." *People's Ins. Counsel Div. v. State Farm Fire & Cas. Ins. Co.*, 214 Md. App. 438, 449 (2013). "We review purely legal decisions *de novo*." *Id.* And we review an agency's factual findings under the substantial evidence standard. *Culver v. Md. Ins. Comm'r*, 175 Md. App. 645, 653 (2007) (citation omitted). "'In applying the substantial evidence test, a reviewing court decides whether a reasoning mind reasonably could have reached the factual conclusion the agency reached.'" *Id.* (*quoting Maryland Aviation Admin. v. Noland*, 386 Md. 556, 571 (2005)). "A reviewing court should defer to the agency's fact-finding and drawing of inferences if they are supported by the record." *Id.*

---

[2] Mr. Holder phrased the Question Presented in his brief as: "Did the trial court abuse its discretion or error [sic] when it struck Mr. Holder's Amended Complaint?"

And where the legal issue under review is collateral estoppel, we don't review the merits decision in the prior action, but only whether estoppel bars the action that is before us. *See* Md. Rule 8-131 ("Ordinarily, an appellate court will not decide . . . [an] issue unless it plainly appears by the record to have been . . . decided by the trial court . . . ."). If we find that collateral estoppel doesn't apply, we vacate the agency's decision and remand for consideration of the merits of the new action rather than answering the question ourselves in the first instance. *See id.* The effect in this case is that we need not, and will not, address today whether Erie owed Mr. Holder a duty to defend him in *Estes v. Holder*.

*Second*, we review a circuit court's decision to strike an amended pleading for abuse of discretion. *Bacon v. Arey*, 203 Md. App. 606, 667 (2012). An abuse of discretion occurs "'where no reasonable person would take the view adopted by the trial court or when the court acts without reference to any guiding principles, and the ruling under consideration is clearly against the logic and effect of facts and inferences before the court or when the ruling is violative of fact and logic.'" *Id.* (*quoting Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC*, 388 Md. 1, 28 (2005) (cleaned up)).

### A. The Administration Ruled Correctly That Mr. Holder Was Collaterally Estopped By The 303 Action From Bringing The 1001 Action.

As the ALJ in the 1001 Action put it, "[t]he fate of [Mr. Holder's 1001 Action] was foreordained upon its arrival at the MIA."

When an adjudicative body makes a finding of fact or conclusion of law, the parties to that action are bound generally by that decision once it becomes final. Collateral estoppel gives force to this principle: "'when an issue of fact or law is actually litigated and

6

determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Cosby v. Dep't of Hum. Res.*, 425 Md. 629, 639 (2012) (*quoting Murray Int'l Freight Corp. v. Graham*, 315 Md. 543, 547 (1989) (cleaned up)). Collateral estoppel requires us to address three sub-questions in this case: (1) when is an administrative hearing capable of creating collateral estoppel and did the 303 Action meet the test; (2) what are the elements of collateral estoppel and did the contested hearing in the 303 Action satisfy them; and (3) if so, what effect does collateral estoppel have on Mr. Holder's 1001 Action?

The answers: (1) yes, the contested hearing in Mr. Holder's 303 Action was capable of creating a collateral estoppel effect; (2) yes, the final agency decision in the 303 Action estopped Mr. Holder's claim that Erie owed him a duty to defend; and (3) without a duty to defend, Erie cannot be liable for not acting in good faith, and the MIA entered a summary decision in Mr. Holder's 1001 Action in favor of Erie correctly.

    1.  *Contested administrative hearings under IN § 27-303 are capable of creating collateral estoppel*

In Maryland, the keystone case on administrative collateral estoppel is *Batson v. Shiflett*, 325 Md. 684 (1992). *Batson* adopted a three-part test for determining when administrative hearings are capable of creating a collateral estoppel effect: (1) whether the agency was acting in a quasi-judicial capacity; (2) whether the issue actually was litigated before the agency; and (3) whether the resolution of that issue was necessary to the agency's decision. *Id.* at 701, 703–05. The contested hearing in Mr. Holder's 303 Action

met all three elements.

*First*, an agency acts in a quasi-judicial capacity "by conducting a hearing, allowing the parties to present evidence, and ruling on a dispute of law." *Batson*, 325 Md. at 705 (cleaned up). Here, the agency held at least one fully contested hearing on October 13, 2021 that featured these three hallmarks of a quasi-judicial action. That satisfied the first element of *Batson*.

*Second*, "[Mr. Holder's] § 27-303 complaint squarely raised" the question of Erie's duty to defend him against the claims in the *Estes* action. In the 303 Action, the MIA addressed the issue directly and found that Erie owed Mr. Holder no duty to defend against *Estes*. That satisfied the second element of *Batson*.

*Third*, the absence of a duty to defend lay at the heart of the MIA's decision in the 303 Action, especially when it found that "[a]s the Estes Complaint alleged only intentional acts by [Mr. Holder] and his wife, there would be no coverage under the Policies that would trigger the duty to defend as there was no potentiality of coverage." The agency went on to find that because there was no duty to defend, Erie's denial of coverage "was not arbitrary or capricious, and . . . [Erie] did not otherwise engage in an unfair claim settlement practice under the Maryland Insurance Article" and, accordingly, it summarily decided the 303 Action in favor of Erie. And as such, all three *Batson* elements were met.

Citing *Browne v. State Farm Mut. Auto. Ins. Co.*, 258 Md. App. 452 (2023), Mr. Holder argues that *no* agency hearing can estop a later statutory claim for bad faith insurance claims handling under CJ § 3-1701. But although *Browne* recognizes one statutory limit on collateral estoppel in the MIA context, that limitation doesn't apply here.

8

We recognized in *Browne* that a damages claim under CJ § 3-1701 (which includes a right to a jury trial) is independent from an administrative claim under IN § 27-1001 and that under the plain meaning of the statutory text and structure the insured must receive a final MIA decision under IN § 27-1001 before bringing a civil claim in circuit court under CJ § 3-1701. *Id.* at 473-74; CJ § 3-1701(c)(1) ("... a party may not file an action under this [provision] before the date of a final decision under [IN § 27-1001]."). The statute requires the claims to proceed in that order. *Browne*, 258 Md. App. at 474. But we recognized as well the express statutory availability of a CJ § 3-1701 claim after a final agency decision on the IN § 27-1001 claim and that the availability of that claim precludes the administrative claim from barring the civil claim. *Id.* at 479. *Browne* highlights a narrow statutory exception to the general rule that collateral estoppel and res judicata apply to agency proceedings. *Id.* at 474–75, 479. But that's as far as the exception goes. Neither CJ § 3-1701 nor IN § 27-1001 reference any other agency hearing, nor is there any other textual hook to extend *Browne* to reach an administrative claim brought under IN § 27-303.

To bolster our point in *Browne*, we looked as well at the legislative history of these twin provisions. *Id.* at 477–79. On the one hand, "IN § 27-1001 and CJ § 3-1701 were enacted as part of the same session law and cross-reference each other." *Id.* at 475 (*citing* 2007 Md. Laws, Chap. 150, at 1255–58, 1260–65). On the other, IN § 27-303 pre-dates that session law by at least a decade. 1997 Md. Laws, Chap. 35, at 1222–23 (enacting IN § 27-303). It wasn't part of the same legislative package as the other two provisions, which came later. *Compare id.*, *with* 2007 Md. Laws, Chap. 150, at 1255–1258 (enacting CJ § 3-1701), 1260–1265 (enacting IN § 27-1001). Moreover, as part of the same session law

9

that added IN § 27-1001 and CJ § 3-1701, the General Assembly amended IN § 27-303 in 2007 to include a cross-reference to the definition of "good faith" stated in IN § 27-1001. 2007 Md. Laws, Chap. 150, at 1259; IN § 27-303(9). But that cross-reference doesn't mention CJ § 3-1701. *See id.* And neither IN § 27-1001 nor CJ § 3-1701 mentions IN § 27-303. The General Assembly had contemplated IN § 27-303 actively while passing IN § 27-1001 and CJ § 3-1701 and didn't tie the former provision into the administrative exhaustion scheme of the latter two. Had the General Assembly wanted to modify the operation of collateral estoppel as to IN § 27-303 claims, it could have done so, and it didn't.

Overall, then, *Browne* did not hold that a CJ § 3-1701 claim can *never* be collaterally estopped by any agency decision. *Browne*, 258 Md. App. at 480. Rather, *Browne* held that an IN § 27-1001 hearing cannot create a collateral estoppel effect as against a CJ § 3-1701 claim, based on the expressed and narrow legislative intent to abrogate the common law, because a party can only file a CJ § 3-1701 claim after getting a final decision under IN § 27-1001. *Id.* at 478–79. *Browne* didn't touch other administrative hearings and their possible preclusive effect, including hearings on actions brought under IN § 27-303. *Id.* And even if *Browne* did reach that far, which it doesn't, it still wouldn't support an argument that a decided IN § 27-303 claim cannot collaterally estop an IN § 27-1001 claim.

In this case, Mr. Holder first filed (and lost) his administrative claim under IN § 27-303, then filed a separate administrative claim under IN § 27-1001, and now seeks to avoid the former having any collateral estoppel effect on the latter (as well as his attempt at the judicial review stage to add a new CJ § 3-1701 claim, *see infra*).

10

The procedural history is complicated enough that we have prepared a graphic to illustrate how collateral estoppel works (and doesn't) in this context:



Since Mr. Holder started with an IN § 27-303 claim, it's possible that that agency decision could estop a later claim under IN § 27-1001, and we address that next. From there, whether or not a IN § 27-1001 claim could bar a CJ § 3-1701 claim doesn't matter if the IN § 27-1001 claim itself already is estopped.

*2. Mr. Holder's 303 Action created collateral estoppel on the duty to defend issue.*

The traditional test for collateral estoppel has four parts:

> 1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
>
> 2. Was there a final judgment on the merits?
>
> 3. Was the party against whom [collateral estoppel] is asserted a party . . . to the prior adjudication?
>
> 4. Was the party against whom [collateral estoppel] is asserted given a fair opportunity to be heard on the issue?

*Colandrea v. Wilde Lake Community Ass'n, Inc.*, 361 Md. 371, 391 (2000) (*quoting Washington Suburban Sanitary Comm'n v. TKU Assoc.*, 281 Md. 1, 19 (1977)). That standard is met easily here by Mr. Holder's 303 Action.

*First*, the issue of whether Erie owed Mr. Holder a duty to defend is indeed identical in the two proceedings. In the 303 Action, the MIA found that Erie didn't owe Mr. Holder a duty to defend because the *Estes* complaint on its face only alleged intentional acts which were excluded from the insurance policies. This is the same issue the agency found dispositive in the 1001 Action (the one before us now).

*Second*, the 303 Action reached a final agency decision on the merits in the Final Order dated July 1, 2022. The MIA concluded that there was no duty to defend and that without a duty to defend Erie could not be liable under IN § 27-303.

*Third*, the parties to the 303 Action are identical to the parties to the 1001 Action: Mr. Holder and Erie.

*Fourth*, Mr. Holder received a full and fair opportunity to be heard on the duty to defend issue in the 303 Action. He proceeded to a fully contested hearing at which he had

12

the right to retain counsel, to call witnesses to testify, and to offer evidence. He argued and testified on his own behalf at the hearing. The MIA found that he addressed the issue squarely, both in his paper filings and his oral arguments. He had the right to seek judicial review of that decision, but opted not to. And he doesn't claim that he was deprived of any opportunity to present his claims in the 303 Action.

The MIA found correctly, then, that the 303 Action collaterally estopped Mr. Holder from relitigating the duty to defend issue in the 1001 Action because it met all four *Colandrea* elements.

### 3. *Without a duty to defend, Erie could not have failed to act in good faith.*

Because Erie owed Mr. Holder no duty to defend him against the claims in *Estes v. Holder*, Erie cannot be liable for not acting in good faith here. The statutory definition of "good faith" is "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim." IN § 27-1001(a); CJ § 3-1701(a)(5) (identical definition). No Maryland appellate court has interpreted or applied this definition in the context of a claim under IN § 27-1001 or CJ § 3-1701, perhaps because out-of-state insurers tend to remove CJ § 3-1701 claims to federal court under diversity jurisdiction. There are reported federal cases on point, though, and the MIA relied on them as persuasive authority while deciding the 1001 Action. These federal cases hold that an insurer cannot be liable for not acting in good faith if they did not owe coverage to the policyholder. *See, e.g., Dominant Inv. 113 v. United States Liability Ins. Co.*, 247 F. Supp. 3d 696, 704 (D. Md. 2017) (policyholder

"may only prevail on such a claim where the [policyholder] proves that it was entitled to coverage under the policy"), *aff'd*, 707 Fed. App'x 155 (4th Cir. 2017). "This makes sense as [CJ § 3-1701] only allows recovery of actual damages under the insurance policy, and no actual damages under an insurance policy can be claimed by one who is not entitled to coverage under the policy." *All Class Const., LLC v. Mutual Bens. Ins. Co.*, 3 F. Supp. 3d 409, 417 (D. Md. 2014). And we agree: an insurer can't lack good faith by declining a defense when it doesn't owe coverage. It needs to make that coverage decision in good faith, or at least not in bad faith, but that issue—the ultimate lack of coverage—has been decided conclusively for the purposes of this appeal.

In sum, the MIA's decision in the 303 Action collaterally estopped Mr. Holder from relitigating his demand for a defense against the *Estes* claims under the policies. As a result, the agency's prior decision that those claims weren't covered under the policies compelled it to conclude that Erie didn't act in bad faith in denying him coverage or defense and therefore cannot be liable to Mr. Holder in the 1001 Action.

### B. The Circuit Court Acted Within Its Discretion When It Struck Mr. Holder's Amended Complaint.

We conclude as well that an insured seeking to try a CJ § 3-1701 claim before a jury in circuit court cannot do so alongside a petition for judicial review of an agency hearing. The rules and factual record used for a judicial review case are different from those for a civil case. The circuit court in this case struck Mr. Holder's amended complaint correctly because he needed to file his civil claim in a separate proceeding under the proper Rules.

The right to seek judicial review of an agency action generally must arise from

14

statute. *Mayor and City Council of Balt. v. ProVen Mgmt., Inc.*, 472 Md. 642, 666 (2021). In the context of an IN § 27-1001 claim, that authority resides in IN § 27-1001(g). This subsection provides that judicial review proceedings in the circuit court must comply with "Title 10, Subtitle 2 of the State Government Article." IN § 27-1001(g)(1). Following the cross reference, that statute provides that "[t]he court *shall* conduct a proceeding under this section *without* a jury." Md. Code (1984, 2021 Repl. Vol.) § 10-222(g)(1) of the State Government Article ("SG") (emphasis added). Reading these provisions together, they mean, at a minimum, that if a litigant wishes to try their CJ § 3-1701 claim before a jury, as Mr. Holder apparently does, it cannot happen in the same case as a petition for judicial review of the pre-requisite IN § 27-1001 agency decision.

Although no other Maryland reported opinion makes this point, principles drawn from *Thompson v. State Farm Mut. Auto. Ins. Co.*, 196 Md. App. 235 (2010) support this conclusion. There, we pointed to the same statutory cross-reference and read this twinned construction to say that the claim created by CJ § 3-1701 is a separate civil claim from an appeal of the pre-requisite IN § 27-1001 administrative action—and thus avoided a constitutional question as to separation of powers. *Id.* at 246–47; *see also* Advice Letter from Robert A. Zarnoch, Assistant Attorney General, to the Honorable Joseph F. Vallario, Jr., Chairman of the House Judiciary Committee (2007 General Assembly) in legislative files for House Bill 425 & Senate Bill 389 at 27–28 (advice to drafters of IN § 27-1001 about said constitutional question). This separation principle also requires separate circuit court cases for IN § 27-1001(g) reviews and CJ § 3-1701 claims. *See id.*

The structure and contents of the Maryland Rules further support the decision to

strike the complaint. "Captioning a petition for judicial review in accordance with Md. Rule 7-202 . . . has a number of domino-type consequences." *Thompson*, 196 Md. App. at 250. Among other things, "the Clerk of Court will then send the petition to the agency . . . and the agency will notify the parties." *Id.* (*citing* Md. Rule 7-202(d)(1)). Likewise, "[t]he time for filing a response to the petition is controlled by the date of such notice." *Id.* (*citing* Md. Rule 7-204(c)). Plus "[t]he time for the agency to transmit the administrative record to the circuit court is triggered by the clerk's mailing of the petition . . . The deadline for filing memoranda runs thirty days from the date the clerk sends notice of the filing of the administrative record." *Id.* (*citing* Md. Rule 7-206(c), IN § 2-215(g), and Md. Rule 7-207(a)). These rules differ from those governing normal civil claims, which appear in Title 2 of the Maryland Rules. Md. Rules 2-101 *et seq.*

In *Thompson*, we highlighted these differences to disarm the appellant's argument that she had really filed a petition all along—not a civil complaint. 196 Md. App. at 249-251. We disagreed. *Id.* On appeal, Mr. Holder presses the opposite: he says he really was filing a civil claim all along rather than a petition for judicial review. He, like the appellant in *Thompson*, points to *Alitalia Linee Aeree Italiane v. Tornillo*, 320 Md. 192, 195 (1990), *aff'd*, 329 Md. 40 (1993). *Tornillo* is part of a line of cases that say we look through the caption of a filing to its substance to determine its nature. *Id.* But the same way *Tornillo* was unavailing to the appellant in *Thompson*, it is unavailing to Mr. Holder here. *See Thompson*, 196 Md. App. at 250. Not only did Mr. Holder invoke the wrong section of the Rules for a civil claim in the substantive body of his petition, *see Thompson* 196 Md. App. at 250, he also invoked the subsection of IN § 27-1001 that provides for judicial review

16

and called his filing his "instant timely petition for judicial review" within the substantive body. *See* IN § 27-1001(g) (providing for judicial review). And, notably, Mr. Holder didn't serve Erie as he would with a civil complaint. Instead, he left it to the circuit court to notify the agency and Erie, as if filing a petition for judicial review. *See* Md. Rule 7-202(d)(1). This is analogous to *Thompson*, where the manner of service determined whether a filing was a civil complaint or a petition for judicial review. *See Thompson*, 196 Md. App. at 250 (". . . not only did appellant not caption her pleading as a petition for judicial review, she served it like a civil action against an insurer."). And rather than let the initial filing sit and wait for an answer from Erie, as one would with a complaint, Mr. Holder proceeded to file an appellate-style memo—again, as he would with a judicial review proceeding. *See* Md. Rule 7-207. Plus, he never propounded discovery, as one would expect with a civil complaint. *See* Md. Rules 2-401 *et seq.* (a/k/a Chapter 400, on discovery).

All in all, Mr. Holder "did not comply with most of the procedural requirements associated with" a civil complaint, but instead followed those for a petition for judicial review. *Thompson*, 196 Md. App. at 249. Mr. Holder contends that because he prayed for a jury trial at the end of his initial filing, his petition becomes a complaint. But the bulk of his filing—two pages out of three—screams petition in both form and substance, because that is what it is. Mr. Holder's own writings and actions reveal his intent to petition for judicial review, rather than complain civilly. This proceeding began as judicial review, continued as judicial review, and ended as judicial review.

Moreover, the factual record and evidence used in civil claims proceedings and judicial review proceedings are incompatible with each other. In a civil claim, the parties

go through discovery, *see* Md. Rules 2-402–2-434, decide what evidence to submit, and comply with the rules of evidence. The circuit court or the jury sits as trier of fact in the first instance in a civil case. In contrast, the factual record in a petition for judicial review is closed and the circuit court sits as a reviewing court. Nothing new comes in other than the record developed before the agency. *See* Md. Rule 7-206(b); Md. Rule 7-208(c). To merge the two species of proceedings in the same case would make docket management unwieldy and unduly burdensome, and it was well within the circuit court's discretion not to join them.

Additionally, the briefing and motions deadlines are often different in judicial review proceedings from those of a civil case. *Compare, e.g.,* Md. Rules 7-203 (establishing thirty-day time-limit to petition for judicial review), 7-204 (providing thirty days to respond to the petition), 7-207 (giving thirty days to file appellate memoranda, thirty days to file counter memoranda, and fifteen days for reply memoranda) *with* Md. Rules 2-321 (setting thirty days to answer a complaint) and 2-322 (requiring certain preliminary motions before answer deadline). The format and contents of the filings differ as well. *Compare* Md. Rule 7-207 (requiring only appellate memoranda) *with* Md. Rule 2-302 (only allowing certain pleadings), Md. Rules 2-311 and 2-322 (allowing various motions).

When Mr. Holder brought this case to the circuit court, he filed a petition for judicial review under Md. Rule 7-202. The essential nature of the case was locked in at this point and it proceeded under Title 7 of the Maryland Rules. The MIA sent out notices of the petition, the court requested and received the administrative record, the agency declined to

participate, and the parties submitted appellate-style legal memoranda, all as the Rules require. The issues presented and the scope of the proceeding were defined fully by the nature of the proceeding itself. To allow an amended complaint—which, in reality, functions as an initial complaint for the separate claims—to add a whole different species of claims to judicial review of an administrative action would create chaos in the life of the proceeding.

In the end, the circuit court's decision to strike an amended, jury-requested CJ § 3-1701 claim from a petition for judicial review under IN § 27-1001(g) was not an abuse of its discretion. As a procedural matter, the court's decision to strike Mr. Holder's statutory claim from his administrative one—so as to keep the sequence of filings and evidentiary record manageable and consistent with the Rules—is one a "reasonable person [could] . . . [m]ake." *Bacon*, 203 Md. App. at 667.

> **JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY AFFIRMED. APPELLANT TO PAY COSTS.**